**William Henry DOWLEN, Petitioner,**

**v.**

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Dec. 15, 1971.

Certiorari Denied by Supreme Court
Feb. 7, 1972.

Joe K. Walker, Springfield, for petitioner.

David M. Pack, Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, for respondent.

## OPINION

GALBREATH, Judge.

Following a hearing on the petition, answer of the State, and replication of the petitioner, the trial court dismissed the post conviction proceeding brought seeking to void a conviction for assault with intent to commit rape and the resulting 10 to 21 year sentence. The trial court found from the petition and answer and all the records in the case that all of the allegations amounting to constitutional deprivation relied on by the petitioner for relief had been previously determined and that no new constitutional grounds were involved in the present case. We now have the appeal from that action before us.

All of the allegations of fact in the petition have been treated and found adversely to petitioner's contentions in either Dowlen v. State, Tenn.Cr.App., 450 S.W.2d 788, the direct appeal, or the appeal from the dismissal of a prior post conviction petition following an evidentiary hearing, Dowlen v. State, Tenn.Cr.App., 450 S.W.2d 793, or the two habeas corpus applications addressed to the United States District

Courts for the Middle and Western Divisions of Tennessee except one.

 The sole factual allegation not heretofore determined by a court of competent jurisdiction concerns the fact that the petitioner was not represented by counsel immediately following his arrest when he was in custody of the police and viewed by the victim of the crime. The petitioner contends that this confrontation was a line-up and that the rights to counsel enunciated in the landmark decisions of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 272, 87 S.Ct. 1951, 18 L.Ed.2d 1178, were violated.

Even if the viewing of the petitioner while in custody of the police did amount to the equivalent of a line-up for the purposes of identification, the relief sought would not be available. The holdings of *Wade* and *Gilbert* and the guidelines laid down in those cases were not applicable when the petitioner was arrested on the 27th day of March, 1967. Those decisions were declared to be prospective only in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, and apply only to line-ups conducted after the 12th day of June, 1967.

 The petitioner did allege that the counsel appointed to represent him in his prior post conviction petition was inadequate, but even if this were true it would not subject the judgment here under attack to nullification. It is the judgment of conviction that must be upheld or voided in post conviction proceedings, since relief may only be granted when such a judgment is void or voidable because of the abridgement of some State or federal constitutional right. T.C.A. § 40–3805.

We therefore affirm the action of the trial court in dismissing the petition which failed to allege any factual matters which had not already been laid to rest in prior proceedings or any new matters which, if true, would have entitled the petitioner to relief.

RUSSELL and O'BRIEN, JJ., concur.