STATE of Tennessee, Appellee,

v.

Wilford WILSON, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 8, 1983.

Permission to Appeal Denied March 5, 1984.

Wilford Wilson, pro se.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Edgar A. Peterson, IV, Asst. Dist. Atty., Memphis, for appellee.

OPINION

TATUM, Judge.

This is a pro se appeal from a judgment denying post conviction relief. The appel-

lant, Wilford Wilson, was convicted of raping a female under the age of 12 years and of crime against nature.

After the petitioner's conviction, there was a direct appeal to this court where the judgment was affirmed. The Tennessee Supreme Court denied the appellant's petition for the writ of certiorari.

The appellant, in his pro se brief, says that the trial court erred in dismissing his petition for post conviction relief without appointing counsel and conducting an evidentiary hearing. This is the fourth petition filed by the appellant. In each of the previous petitions, he has alleged ineffective assistance of counsel. After the filing of the first petition, the trial court appointed counsel and afforded the petitioner an evidentiary hearing. Following the evidentiary hearing, the trial court denied relief after having found that counsel was not ineffective. This judgment was appealed to this court where the judgment of the trial court denying post conviction relief was affirmed. The next two petitions were dismissed without an evidentiary hearing.

In the present petition, the petitioner attacks the representation of his trial counsel, counsel on direct appeal, and counsel representing him in the first post conviction relief case.

T.C.A. § 40–30–112 provides:

"(a) A ground for relief is 'previously determined' if a court of competent juris-diction has ruled on the merits after a full and fair hearing.

(b)(1) A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

(2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived."

■ The question of the competency of his trial counsel has been "previously determined." Competency of counsel on direct appeal has been "waived." Relief may not be granted under the Post Conviction Relief Act on the ground that counsel was incompetent in a previous post conviction relief proceeding. T.C.A. § 40–30–105; *Dowlen v. State*, 477 S.W.2d 253 (Tenn.Cr. App.1971).

The judgment of the trial court is affirmed.

WALKER, P.J., and BYERS, J., concur.