**STATE of Tennessee, Appellee,**

v.

**J.T. OATES, Appellant.**

**No. 83–258–III.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 7, 1985.

Permission to Appeal Denied by Supreme Court June 17, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, Kimberly J. Dean, Asst. Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Gallatin, for appellee.

Susan L. Kay, Nashville, for appellant.

OPINION

O'BRIEN, Judge.

Defendant appeals from a denial of post-conviction relief in the Sumner County Criminal Court.

On November 26, 1980, defendant was convicted on two counts of grand larceny

and two counts of concealing stolen property. On three of these convictions he was sentenced to serve not less than six (6) years nor more than ten (10) years in the penitentiary, with all sentences to be served concurrently. On the other offense of concealing stolen property he was sentenced to serve not less than three (3) years nor more than five (5) years with this sentence to be served consecutively to his other sentences. On direct appeal these judgments were affirmed by this Court on January 27, 1982. Defendant was notified by counsel of the time element involved to pursue an application for permission to appeal to the Supreme Court but failed to file a timely application. On September 29, 1982, with the assistance of counsel, defendant filed a petition for post-conviction relief. After an evidentiary hearing in the trial court the petition was denied. On April 26, 1983 petitioner voluntarily dismissed his appeal to this Court. A second petition for post-conviction relief was filed on June 13, 1983. This is the petition presently before the Court.

This petition sets forth two grounds for relief. Defendant insists that the proof was insufficient to sustain Count 3 of the indictment which charged him with concealing four automobile wheels with tires. This is the count of the indictment on which he was sentenced to serve three to five years and which was fixed by the trial court to run consecutively to his other sentences.

It is his further insistence that the trial court's action in fixing this sentence to run consecutively to his other sentences was arbitrary, capricious and an abuse of the court's discretion. He argues that this sentence amounted to denial of due process and cruel and unusual punishment. He bases this contention on the fact that his co-defendants who stood trial had lesser sentences imposed, and another fellow conspirator who chose to plead guilty and acted as an informer for the State also received a lesser punishment.

The petition prayed that his conviction for concealing stolen property under Count 3 of the indictment be set aside; and that his six to ten year sentences on the other convictions be set aside and a five year sentence imposed which was the term originally suggested by the State in a plea bargain offer.

The problem for the defendant on these contentions is that these issues were raised in his original appeal to this Court and have been previously determined by the opinion of this Court.[1] T.C.A. § 40–30–112(a).

In his brief before this Court defendant submits as issues that (A) the court did not make findings of fact and conclusions of law as required by T.C.A. § 40–30–118(b); (B) petitioner did not waive his right to present the grounds set out in his post-conviction petition; (C) that petitioner had ineffective assistance of counsel at his post-conviction hearing.

■ The order of dismissal of the post-conviction petition, succinct as it may be, clearly states that no grounds were raised upon which relief could be granted, and unequivocally concluded that the law required dismissal. Under the circumstances nothing more was required.

■ We have disposed of petitioner's allegation that he did not waive his right to present any additional grounds for post-conviction relief. The grounds raised in the petition had been previously determined after a full and fair hearing by the prior decision of this Court.

■ Finally, petitioner complains he had ineffective assistance of counsel at his hearing for post-conviction relief. No authority is offered to sustain this complaint and defendant's brief merely generalizes that there was no attempt by counsel to assert any grounds for relief on his behalf at the post-conviction hearing. Our Courts have consistently held there is no constitutional right to counsel at post-conviction proceedings. T.C.A. § 40–30–107 provides for appointment of counsel where a petition

**1.** *State v. J.T. Oates, et al,* November 1981, Nash-    ville, filed January 27, 1982.

is inartfully drawn or inarticulate in stating a claim. In *Cureton v. Tollett,* 477 S.W.2d 233 (Tenn.Cr.App.1972) this Court said at p. 236, "If the petition fails to show an abridgement of a constitutional right; [once the petition is competently drafted] or if the grounds stated by petitioner have been waived or previously determined as defined in T.C.A. § 40–3812 (§ 40–30–112), there is no necessity for appointment of counsel." In *Dowlen v. State,*n 477 S.W.2d 253, 254 (Tenn.Cr.App.1971) the Court said:

> "The petitioner did allege that the counsel appointed to represent him in his prior post conviction petition was inadequate, but even if this were true it would not subject the judgment here under attack to nullification. It is the judgment of conviction that must be upheld or voided in post conviction proceedings, since relief may only be granted when such a judgment is void or voidable because of the abridgement of some State or federal constitutional right. T.C.A. § 40–3805." (T.C.A. § 40–30–105).

In *Recor v. State,* 489 S.W.2d 64, 68 (Tenn.Cr.App.1972), the court stated the issue in these words:

> "Obviously, without regard to such obvious questions as waiver, there can be no due process violation *in the conviction process* by what may have happened upon a prior post-conviction proceeding. Happenings upon post-conviction proceedings cannot render the initial judgment of conviction constitutionally void or voidable, which is the threshold predicate for such relief. T.C.A. § 40–3805. Unless the conviction or sentence is void or voidable upon constitutional grounds there can be no post-conviction relief." (Emphasis in original text).

The United States Supreme Court has said in substance that appointment of counsel on post-conviction proceedings is not required by any constitutional decision of that court. See *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 2448, 41 L.Ed.2d 341 (1974).

As this Court has explained previously, to accept the premise that ineffective assistance of counsel at a prior post-conviction proceeding to be grounds for relief on a subsequent petition is not only legally non-cognizable, but would lead to a never ending succession of post-conviction petitions, each based on ineffective assistance with regard to previous petitions. Such a result would clearly be contrary to the obvious purpose of T.C.A. § 40–30–112.[2]

Finding defendant's petition for post-conviction relief to be without merit we affirm the judgment of the trial court.

WALKER, P.J., and BYERS, J., concur.

---

2. *Kirby v. State,* Tenn.Cr.App., Nashville, December 1984, filed January 8, 1985.