Paul Gregory HOUSE, Appellee,

v.

STATE of Tennessee, Appellant.

Supreme Court of Tennessee,
at Knoxville.

Sept. 25, 1995.

Charles W. Burson, Attorney General & Reporter, Amy L. Tarkington, Assistant Attorney General, Nashville, for Appellant.

Michael S. Pemberton, Harry P. Ogden, Lewis, King, Kreig & Waldrop, Knoxville, Jerry P. Black, Jr., University of Tennessee Legal Clinic, Knoxville, for Appellee.

## OPINION

ANDERSON, Chief Justice.

The issues raised by the State in this appeal require an interpretation of the procedural default provisions of the Tennessee Post–Conviction Procedure Act.[1] Under the Act, "[a] ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn.Code Ann. § 40–30–112(a) (1990). The State's appeal requires that we determine whether "a full and fair hearing" occurs when a petitioner, though given the opportunity, fails to present proof on a ground for relief in a prior post-conviction proceeding. With respect to the waiver[2] provision, we must determine whether in a later post-conviction proceeding the rebuttable presumption of waiver[3] is overcome by an allegation that the petitioner did not personally waive the ground for relief in the prior proceeding. Finally, we must determine whether an allegation of ineffective assistance of prior post-conviction counsel precludes application of the defenses of waiver and previous determination.

We conclude that a "full and fair hearing" sufficient to support a finding of previous determination occurs if a petitioner is given the opportunity to present proof and argument on the petition for post-conviction relief. We further conclude that the rebuttable presumption of waiver is not overcome by an allegation that the petitioner did not personally and therefore, "knowingly and understandingly," waive the ground for relief. Waiver is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney. Because there is no right to effective assistance of counsel in post-conviction proceedings, an allegation of ineffective assistance of prior post-conviction counsel does not preclude application of the defenses of waiver and previous determination.

Accordingly, the Court of Criminal Appeals' judgment is reversed and the judgment of the trial court dismissing the petition for post-conviction relief is reinstated.[4]

## BACKGROUND

In 1986, the petitioner, Paul Gregory House, was convicted of the first-degree murder of Carolyn Muncey and sentenced to death by electrocution. This Court on direct appeal affirmed both the conviction and sentence. *State v. House,* 743 S.W.2d 141 (Tenn.1987). Thereafter, on February 25, 1988, the petitioner filed, *pro se,* his first petition for post-conviction relief, alleging several grounds for relief, including denial of effective assistance of counsel at both the guilt and sentencing phases of his trial. Specifically, the petitioner claimed that trial

---

1. Tenn.Code Ann. §§ 40–30–101 through 40–30–124 (1990 & Supp.1994). By a law effective May 10, 1995, the Post–Conviction Procedure Act has been completely rewritten. 1995 Public Chapter 207, § 1. Although the new law is not applicable to this proceeding, it is useful in determining legislative intent.

2. "A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn.Code Ann. § 40–30–112(b) (1990).

3. "There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived." Tenn.Code Ann. § 40–30–112(b) (1990).

4. Because we reinstate the trial court's dismissal of the petition for post-conviction relief, we pretermit in this case the question of whether a capital post-conviction petitioner is entitled to the services of an expert at state expense.

counsel had failed to give proper and adequate advice; failed to properly and adequately investigate and prepare the defense; failed to file appropriate pretrial motions; failed to make timely and necessary objections; failed to conduct appropriate voir dire of the jury; failed to properly prepare for trial and sentencing; failed to object to improper charges by the Court at the guilt stage of the trial; and failed to challenge a partial juror at the sentencing phase.

Counsel was then appointed and filed an amended petition advancing five additional grounds for relief. The original trial judge presided over a hearing on the petition. Counsel for both the petitioner and the State presented arguments on the allegations. The petitioner introduced the original trial record into evidence in support of the allegations. Neither side presented further proof.

The trial court judge, in ruling upon the allegations of ineffective assistance of counsel, specifically found that "trial counsel's preparation for and trial of this matter was exemplary ..." and that his "services were clearly within the range of competence required by applicable law." The trial judge overruled the remaining allegations of the petition and the amended petition.

On appeal the petitioner did not challenge the trial judge's finding on his claim of ineffective assistance of counsel. Instead, the petitioner argued that the jury instructions given at the sentencing phase of his trial precluded the jurors from considering any mitigating circumstances unless all jurors unanimously agreed to its existence. The Court of Criminal Appeals rejected that argument and affirmed the trial court's judgment dismissing the petition. This Court denied the petitioner's application for permission to appeal, and in October of 1990, the United States Supreme Court denied certiorari review.

Thereafter, on December 14, 1990, the petitioner, by and through counsel, filed this, his second petition for post-conviction relief, and included a motion for investigative and/or expert services. As grounds for post-conviction relief, the petitioner again alleged that he was denied his constitutional right to effective assistance of trial counsel. Once again, the petitioner generally asserted that his trial counsel failed to adequately investigate his case. More specifically, House alleged that his original trial counsel failed to call a witness at sentencing, failed to apply for state-funded expert assistance, and failed to obtain a complete medical and psychological examination. The State's response to the second petition was that the issues raised had been "previously determined" or in the alternative, waived.

House argued that the defense of previous determination did not bar a hearing on his second petition because the deficient performance of his initial post-conviction counsel in failing to investigate, address, and define the allegations of his *pro se* petition, and in failing to call witnesses or present other proof at the initial proceeding deprived him of a "full and fair" hearing. He also maintained that relief was not barred by the defense of waiver since he did not personally waive any grounds for relief at his prior post-conviction proceeding, and because the failure to litigate the merits of the claims was due to the ineffectiveness of the attorney appointed to represent him in his initial post-conviction proceeding. In support of his motion for investigative and/or expert services at state expense, the petitioner relied upon Tennessee Supreme Court Rule 13, Tenn.Code Ann. § 40–14–207(b) (1990 and Supp.1994), and *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).

Hearings on the petition were held, however, no evidence was presented at either hearing. The trial court judge denied both the petition for post-conviction relief and the motion for investigative and/or expert services at state expense, but delayed entry of an order to grant the petitioner time to undergo a psychological evaluation. The Middle Tennessee Mental Health Institute refused to evaluate the petitioner, however, maintaining that it did not have statutory authority to do so. Accordingly, the trial court entered orders dismissing the petition for post-conviction relief, and denying the motion for investigative and/or expert services.

The petitioner appealed, and on September 2, 1992, the Court of Criminal Appeals issued an opinion affirming the trial court's judgment. The Court of Criminal Appeals held that because the "ineffective assistance claim,

no matter how limited, was resolved at the first post-conviction proceeding, the issue most likely failed as having been previously determined. Relying upon *Hugh Melson v. State*, No. 1, 1992 WL 174272 (Tenn., Jackson, July 27, 1992), the intermediate court alternatively concluded that issues not pursued had been waived. In *Melson*, this Court determined that there is no right to counsel or effective assistance of counsel in post-conviction proceedings and concluded that an objective standard should be applied to determine whether a "knowing and understanding" waiver has occurred, under which, the conduct of an attorney will be imputed to the client. As for the petitioner's motion for expert and/or investigative services at state expense, the Court of Criminal Appeals relied upon an earlier intermediate court decision, *Teague v. State*, 772 S.W.2d 915, 927 (Tenn.Crim.App.1988), in which it was held that the statute and supreme court rule governing allowance of expert and/or investigative services do not apply to capital post-conviction proceedings.

On February 8, 1993, six months after the Court of Criminal Appeals' affirmance in this case, the opinion in *Melson* was withdrawn and the order granting review of *Melson* was set aside as improvidently granted. Because the Court of Criminal Appeals' had relied upon *Melson* to dispose of the issues in this case, we granted the petitioner's application for permission to appeal and remanded to the Court of Criminal Appeals for reconsideration in light of its withdrawal.

As a result, on March 28, 1994, the Court of Criminal Appeals released the opinion after remand in this case, and reversed the judgment of the trial court. The Court of Criminal Appeals concluded that although the ineffectiveness of prior post-conviction counsel is not a ground for relief, it is an "important factor" in determining whether a second post-conviction claim is barred by waiver or previous determination. The intermediate court determined that waiver should be measured by a personal, subjective standard and is only a bar if the petitioner "with full knowledge[ ] disregard[s] the issue." Likewise, the Court of Criminal Appeals held that previous determination will not serve as a bar unless proof was introduced during a previous "full and fair hearing" that provides the trial court a basis upon which to make a factual determination of a particular ground for relief. Finally, as to the motion for investigative and/or expert services at state expense, the Court of Criminal Appeals held, based on principles of due process, that a trial court possesses the discretionary authority to authorize such services when an indigent petitioner makes a threshold showing that the services of an expert or an investigator are necessary to prove the violation of a constitutional right.

The State filed an application for permission to appeal, challenging the decision of the Court of Criminal Appeals as to each issue discussed above. For the reasons that follow, we now reverse the Court of Criminal Appeals' decision and reinstate the judgment of the trial court dismissing the petition for post-conviction relief. Because of the necessity of the dismissal, we pretermit, in this case, the question of whether a capital post-conviction petitioner is entitled to the services of an expert at state expense.

## HISTORY OF THE POST-CONVICTION ACT

Our analysis of the issues involved in this case is aided by briefly recounting the history and development of the Tennessee Post-Conviction Procedure Act.

In the 1950's and early 1960's, the United States Supreme Court expanded the constitutional protection available to state criminal defendants. Note, *State Criminal Procedure and Federal Habeas Corpus*, 80 Harv.L.Rev. 422 (1966) (hereafter *State Criminal Procedure*). At that time, the only means of state collateral or post-conviction review in Tennessee, as well as most other states, was habeas corpus, which was and still is, narrow in scope, and allows for relief only when the judgment is facially void or the petitioner's term of imprisonment has expired. *See Archer v. State*, 851 S.W.2d 157 (Tenn.1993). While consistent with traditional habeas corpus jurisprudence, state court decisions, both in Tennessee and elsewhere, left state court defendants without redress for alleged constitutional errors in many cases. *Id.* at 162. In fact, state habeas petitions challenging the validity of judgments on grounds of alleged constitutional violations in the conviction process were generally dismissed with no oppor-

tunity for an evidentiary hearing. *Luttrell v. State,* 644 S.W.2d 408, 409 (Tenn.Crim.App. 1982). Consequently, state prisoners sought relief in federal courts via the federal habeas corpus procedure. In an effort to provide state prisoners with a forum for litigating alleged violations of federal constitutional rights, the United States Supreme Court, in a series of decisions, removed a number of former obstacles to obtaining federal habeas corpus review. *See State Criminal Procedure.*

First, in *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), the Supreme Court concluded that federal district courts could order evidentiary hearings on federal claims which had already been litigated in the state court system. Thereafter, in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Court interpreted the federal statutory provision requiring exhaustion of state remedies to apply only to those state remedies still available at the time a petitioner seeks federal habeas review, and determined that a past failure to pursue a state remedy did not bar or prevent a federal hearing on the issue unless the petitioner had deliberately bypassed state proceedings. *Id.,* 372 U.S. at 433–34, 83 S.Ct. at 846. Finally, in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Court set forth the following six circumstances in which a state prisoner had the right to an evidentiary hearing in federal court on issues previously litigated in state courts: "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason, it appeared that the state trier of fact did not afford the [petitioner] a full and fair fact hearing." *Id.* 372 U.S. at 313, 83 S.Ct. at 757.

The expansion of federal constitutional protection and federal habeas corpus review, combined with the restrictive scope of state habeas corpus and other state collateral procedures resulted in two problems. First, federal courts were called upon to review constitutional claims not considered by state courts. This called into question the finality of state criminal judgments, and in turn, caused tension between the state and the federal judiciaries. *Henry v. Mississippi,* 379 U.S. 443, 453, 85 S.Ct. 564, 570, 13 L.Ed.2d 408 (1965) ("The Court is not blind to the fact that the federal habeas corpus jurisdiction has been a source of irritation between the federal and state judiciaries."); *see also State Criminal Procedure.* Second, federal courts were inundated and overburdened by the influx of habeas petitions filed by state prisoners. *See Henry v. Mississippi,* 379 U.S. at 452, 85 S.Ct. at 570 (Court noted that the filing of habeas corpus petitions had almost doubled from 1963 to 1964).

To alleviate those problems, in *Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), the Supreme Court recommended that states enact statutory post-conviction procedures to supplement habeas corpus remedies and thereby provide state prisoners an opportunity to litigate allegations of federal constitutional errors in state courts. *Id.,* 381 U.S. at 340, 85 S.Ct. at 1489.

In 1967, the Tennessee General Assembly responded to the Supreme Court's suggestion by enacting the Post–Conviction Procedure Act (now codified at Tenn.Code Ann. §§ 40–30–101 *et seq.*). *Archer,* 851 S.W.2d at 162. *See also* 1967 Tenn.Pub.Acts, ch. 310. The Act established a comprehensive scheme for litigating alleged constitutional violations. Under the Act, "[r]elief shall be granted when the conviction is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States including a right that was not recognized as existing at the time of the trial if either constitution requires retrospective application of that right." [5] Although the statute requires that a written petition for post-conviction relief be filed and specifies the necessary allegations of a petition,[6] it also

---

**5.** Tenn.Code Ann. § 40–30–105 (1990).

**6.** Tenn.Code Ann. § 40–30–103 and –104 (1990 & 1994 Supp.).

directs that "no petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, with the aid of counsel, to file an amended petition." [7] The court is authorized to "grant leave to withdraw the petition at any time prior to the entry of the judgment," and to "freely allow amendments" and even "require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief." [8] The statute directs the court to look to "the substance rather than the form of the petition," and emphasizes that "no petition shall be dismissed for technical defects, incompleteness or lack of clarity until after the petitioner has had reasonable opportunity, with aid of counsel, to file amendments." [9] The court may dismiss a petition without a hearing when a "competently drafted [petition] and all pleadings, files and records of the case which are before the court conclusively show that the petitioner is entitled to no relief." [10] "In all other cases the court shall grant a hearing as soon as practicable." [11] "The scope of the hearing shall extend to all grounds the petitioner may have, except those grounds which the court finds should be excluded because they have been waived or previously determined, as herein defined." [12] "A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. There is a rebuttable presumption that a ground for relief not raised in any such proceeding

which was held was waived." [13] In this case, we must interpret and apply the above-quoted procedural default provisions of the Tennessee Post–Conviction Procedure Act.

### PREVIOUSLY DETERMINED

■ The State first contends, in this Court, that the Court of Criminal Appeals erred in concluding that this second petition for post-conviction relief was not barred as previously determined because the petitioner did not receive a full and fair hearing on his original post-conviction petition. Relying upon an unreported decision of another panel of that court, the intermediate court in this case concluded that the phrase "full and fair hearing" contemplates "a good faith effort to present evidence in support of a particular claim and that trial courts should not make a factual determination on a particular ground unless the record contain[s] some proof on the subject." Applying that definition, the court held that the petitioner did not have a full and fair hearing during his first post-conviction proceeding because his counsel introduced only the original trial record in support of the allegations of the petition.

We have found no prior reported Tennessee case interpreting the phrase "full and fair hearing," [14] nor have we found any authority from other jurisdictions specifically on point. The petitioner urges us to consider that enactment of the Tennessee Post–Conviction Procedure Act was prompted by the United States Supreme Court decisions expanding the scope of habeas corpus. He contends that the Act was designed to afford a state forum to Tennessee prisoners for litigating alleged federal constitutional violations and

---

7. Tenn.Code Ann. § 40–30–107 (1990).

8. Tenn.Code Ann. § 40–30–115(a) (1990).

9. Tenn.Code Ann. § 40–30–115(b) (1990).

10. Tenn.Code Ann. § 40–30–109(a)(1) (1990).

11. Tenn.Code Ann. § 40–30–109(a)(2) (1990).

12. Tenn.Code Ann. § 40–30–111 (1990). In its original form, the Act provided for the scope of the hearing to include all grounds except those previously determined, which occurred "if a court of competent jurisdiction has ruled on the

merits after a full and fair hearing." 1967 Tenn. Pub.Acts, ch. 310, §§ 10–11. The waiver provision was added by amendment in 1971. 1971 Tenn.Pub.Acts, ch. 96.

13. Tenn.Code Ann. § 40–30–112 (1990).

14. Section One, Public Chapter 207, 1995 Public Acts says that "[a] ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence regardless of whether the petitioner actually introduced any evidence."

thereby limit or render unnecessary subsequent hearings in federal court. Further, he says the phrase "full and fair hearing" was borrowed from *Townsend*, and that he did not receive a "full and fair hearing" as contemplated by that case. The petitioner's summary, as far as it goes, accurately reflects the history and development of Tennessee's post-conviction statute. However, his conclusion that he was not afforded a "full and fair hearing" as contemplated by the *Townsend* decision is without merit for several reasons.

At the time the decision in *Townsend* was rendered, few, if any states had post-conviction procedures in place that furnished state prisoners even an opportunity for a hearing. The standard for gaining relief in state habeas corpus proceedings was facial invalidity. It was because existing state procedures were so restrictive that federal habeas corpus was expanded.[15] Here, House was not precluded from introducing proof at an evidentiary hearing by restrictive state collateral procedures. He was given every opportunity to litigate his constitutional complaints in a state forum. It is undisputed that upon the filing of his first *pro se* petition, counsel was appointed, the petition was amended, and a hearing was held. The trial judge did not restrict the scope of the hearing, nor limit the introduction or presentation of evidence. Even the *Townsend* Court, which greatly expanded the availability of federal habeas corpus review, concluded that no hearing was required if due to "the inexcusable neglect of the petitioner, [citation omitted], evidence crucial to the adequate consideration was not developed at the State hearing...." *Id.*, 372 U.S. at 317, 83 S.Ct. at 759.

In this case, the trial judge complied with the provisions of the post-conviction procedure statute, and with the requirements of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) ("The fundamental requirement of due process is the *opportunity* to be heard 'at a meaningful time and in a

meaningful manner.'") (emphasis added) (citation omitted); *Burford v. State*, 845 S.W.2d 204 (Tenn.1992) (Minimal due process requires that litigants be provided an *opportunity* for the presentation of claims at a meaningful time and in a meaningful manner.) (emphasis in original). An evidentiary hearing was held, and the petitioner was afforded every opportunity to present evidence and argument. The original trial record was introduced into evidence, and the trial judge determined from that record, and the argument of counsel, that the allegations were without merit. Nothing more is required to satisfy the "full and fair hearing" provision of the previously determined definition. Accordingly, we conclude that the petitioner was afforded an opportunity to present his federal constitutional claims in a full and fair hearing in a state forum as was contemplated by the court in *Townsend*. *Cf. Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976) ("[W]here the State has provided an *opportunity* for full and fair litigation of a Fourth Amendment claim, the state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (emphasis added). *See also Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir.1986) (full and fair hearing means that the trial court gave full and fair consideration to any factual dispute, and that meaningful appellate review is available); *State v. Garcia*, 57 Wash.App. 927, 791 P.2d 244 (1990) (an evidentiary hearing was held which offered Garcia a full and fair opportunity to create a record.) The issue of ineffective assistance of counsel was therefore determined upon the merits at the initial proceeding and the trial court did not err in dismissing this second post-conviction petition without a hearing.

## INEFFECTIVENESS OF PRIOR POST-CONVICTION COUNSEL

█ In so holding, we also reject the Court of Criminal Appeals' conclusion that the ineffectiveness of counsel in a prior post-

**15.** The United States Supreme Court, perhaps in recognition of the broader availability of state collateral procedures, has since limited the availability of evidentiary hearings in federal habeas corpus proceedings by rejecting the deliberate

by-pass standard of *Fay* for a cause and prejudice standard. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Keeney v. Tamayo–Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) (overruling *Townsend*).

conviction proceeding is an "important factor" to consider in determining whether the procedural bars of previous determination and waiver apply. To place the issue in context we will briefly review the origin and scope of the constitutional right to counsel and to effective assistance of counsel.

The United States Supreme Court in *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) held that the Fourteenth Amendment guarantees to an indigent criminal defendant the right to counsel through the first appeal as of right. Recognizing that ineffective representation is no better than no counsel at all, the right to counsel was held to necessarily encompass the right to effective assistance of counsel in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). However, the scope of the right to counsel is limited, and applies only through the first appeal as of right. It does not apply to post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554–555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Accordingly, the federal constitution does not require that states provide an attorney to an indigent post-conviction petitioner, even in capital cases. *Murray v. Giarratano*, 492 U.S. 1, 10, 109 S.Ct. 2765, 2770, 106 L.Ed.2d 1 (1989). *See also Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In *Murray*, the Court said that "the rule of *Pennsylvania v. Finley*, should apply no differently in capital cases than in non-capital cases. State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal. . . . We therefore decline to read either the Eighth Amendment or the Due Process Clause to require yet another distinction between the rights of capital case defendants and those in noncapital cases." *Murray*, 492 U.S. at 10, 109 S.Ct. at 2770–71. There being no constitutional right to counsel in post-conviction proceedings, it follows that there is no constitutional right to effective assistance of counsel in post-conviction proceedings. *Coleman*, 501 U.S. at 752, 111 S.Ct. at 2566; *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effec-

tive assistance of counsel); *State v. Oates*, 698 S.W.2d 79, 80–81 (Tenn.Crim.App.1985); *State v. Garrard*, 693 S.W.2d 921, 922 (Tenn. Crim.App.1985).

Moreover, the provision of the Tennessee Post–Conviction Procedure Act requiring appointment of counsel where a *pro se* post-conviction petition is unartfully drawn does not alter that rule. Tenn.Code Ann. § 40–30–107 (1990). As a result, Tennessee courts have long adhered to the rule that a claim of ineffective assistance of counsel in a previous post-conviction proceeding is not cognizable as a basis for relief in a subsequent post-conviction action. *State v. Wilson*, 667 S.W.2d 113 (Tenn.Crim.App.1983); *Recor v. State*, 489 S.W.2d 64, 68 (Tenn.Crim. App.1972); *Dowlen v. State*, 477 S.W.2d 253, 254 (Tenn.Crim.App.1971). Moreover, the United States Supreme Court has also concluded that a state may give prisoners the assistance of counsel without requiring "the full panoply of procedural protection that the Constitution requires be given to defendants who are in a fundamentally different position—at trial and on first appeal as of right." *Finley*, 481 U.S. at 559, 107 S.Ct. at 1995. There being no constitutional or statutory right to effective assistance of counsel in post-conviction proceedings, a court should not consider the ineffectiveness of counsel at a prior post-conviction proceeding in deciding whether a ground for relief has been previously determined.

Likewise, such an allegation is not sufficient to rebut the presumption of waiver. We previously held that a petitioner is not entitled to an evidentiary hearing to rebut the presumption of waiver unless his successor petition establishes a legal excuse for not having raised the issue on direct appeal or in a previous post-conviction proceeding. *Swanson v. State*, 749 S.W.2d 731, 735 (Tenn. 1988); *Underwood v. Livesay*, 721 S.W.2d 824, 828 (Tenn.Crim.App.1986); *Recor*, 489 S.W.2d at 70. In this case, the petitioner attempted to overcome the presumption of waiver by alleging that his initial post-conviction counsel was ineffective. Because there is no constitutional or statutory right to effective assistance of post-conviction counsel, that allegation does not establish a legal excuse for failure to raise the issues in the initial proceeding. To the extent that any

prior Tennessee cases hold to the contrary they are hereby expressly overruled.[16]

## *WAIVER*

■ The State next asserts that the Court of Criminal Appeals erred when it concluded that the presumption of waiver may be overcome by an allegation that the petitioner did not, with personal knowledge and choice, waive a ground for relief. In response, the petitioner argues that the plain language of the statute, defining waiver as a situation in which the "petitioner knowingly and understandingly failed to present" a ground for relief in any prior proceeding, and the historical context in which the statute was adopted, support the Court of Criminal Appeals' conclusion. Therefore, the petitioner claims that the presumption of waiver is rebutted by an assertion that the failure to raise an issue was not the petitioner's personal and informed decision.

Our research has revealed no reported Tennessee case dealing directly with the issue of the appropriate standard to apply when determining whether an issue has been waived.[17] Courts in other states have split on whether to apply a subjective or objective standard and provide us little assistance because their decisions were based largely on the particular state statutory procedure.[18] However, Tennessee cases dealing generally with the concept of waiver in the post-conviction context apply an objective standard and impute the conduct of counsel to their clients.[19] *See e.g., Caruthers v. State,* 814 S.W.2d 64, 70 (Tenn.Crim.App.1991); *State v.*

*Bishop,* 731 S.W.2d 552 (Tenn.Crim.App. 1986).

In two early cases decided prior to the legislative adoption of waiver as a procedural bar in post-conviction proceedings, the Court of Criminal Appeals concluded that the right to raise the question of unconstitutional discrimination in jury composition was waived when the petitioners failed to object at the proper time. In so holding, the intermediate court stated:

> We do not believe that one should be permitted to raise a question in a post-conviction proceeding that was waived by failure upon the trial, by design or otherwise, to timely raise it when our procedural law prescribes that it should be raised. To permit this type procedure would make a sham of the trial itself.

*Phillips,* 458 S.W.2d at 644; *Doyle,* 458 S.W.2d at 639.

After enactment of the 1971 waiver provision, this Court characterized the amendment as "a legislative declaration of the construction that the courts would give to the Post-Conviction Procedure Act, even had this amendment not been enacted," and found that failure of counsel to object to improperly admitted evidence constituted waiver and precluded the petitioner from raising the ground on post-conviction review. *Arthur v. State,* 483 S.W.2d 95, 97 (Tenn. 1972). Similarly, in *Miller,* this court held that the failure of counsel to make a specific objection at trial constituted a waiver and precluded post-conviction review of the issue. *Miller,* 668 S.W.2d at 286.

---

16. *E.g. Hindman v. State,* 865 S.W.2d 917 (Tenn. Crim.App.1992).

17. Section One of Public Chapter 207 of the Public Acts of 1995 says that "[a] ground for relief is waived if the petitioner on his own or through his attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented...."

18. *Hardwick v. Dugger,* 648 So.2d 100, 103 (Fla. 1994); *McElroy v. State,* 329 Md. 136, 617 A.2d 1068 (1993); *Dixon v. State,* 84 Md.App. 347, 579 A.2d 786 (1990); *State v. Gillihan,* 86 N.M. 439, 524 P.2d 1335 (1974); *State v. Smith,* 169 Ariz. 243, 818 P.2d 228 (Ct.App.1991); *State v. Alford,* 157 Ariz. 101, 754 P.2d 1376 (Ct.App.1988); *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d

107 (Pa.Super.1988); *State v. Wilkens,* 159 Wis.2d 618, 465 N.W.2d 206 (Ct.App.1990) (Holding that waiver is to be determined by applying an objective standard.); *But see Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955 (1981); *Gibson v. Dale* 173 W.Va. 681, 319 S.E.2d 806 (1984) (Holding that waiver is measured by a personal or subjective test.)

19. Further cases dealing with this general standard are: *State v. Miller,* 668 S.W.2d 281 (Tenn. 1984); *Hull v. State,* 589 S.W.2d 948 (Tenn.Crim. App.1979); *Forrest v. State,* 535 S.W.2d 166 (Tenn.Crim.App.1976); *Holiday v. State,* 512 S.W.2d 953 (Tenn.Crim.App.1972); *Recor v. State,* 489 S.W.2d 64 (Tenn.Crim.App.1972); *Doyle v. State,* 3 Tenn.Crim.App. 171, 458 S.W.2d 637 (1970); *Phillips v. State,* 3 Tenn.Crim.App. 184, 458 S.W.2d 642 (Tenn.Crim.App.1970).

There are several significant policy considerations that support an objective standard of waiver in the context of a collateral attack on a criminal conviction. Finality is an often cited consideration. The *Arthur* court stated:

> [t]here must be a finality to all litigation, criminal as well as civil. The courts, the executive branch of government, the legal profession and the public have been seriously inconvenienced by the prosecutions of baseless *habeas corpus* and post-conviction proceedings. Defendants to criminal prosecutions, like parties to civil suits, should be bound by the judgments therein entered. When they fail to make a timely objection to errors of the courts they must not be allowed at later times of their own choosing—often, perhaps, after witnesses against them have become unavailable—to assert those grounds in post-conviction actions.

*Arthur*, 483 S.W.2d at 97; *see also, Miller*, 668 S.W.2d at 285.

The United States Supreme Court has also observed that, "[p]erpetual disrespect for the finality of convictions disparages the entire criminal justice system," by depriving it of much of the deterrent effect, burdening judicial resources, and diminishing the reliability of a new trial because of the erosion of witnesses' memories over the passage of time. *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991). Indeed, the *McCleskey* court characterized the finality of judgments as "[o]ne of the law's very objects." *Id.*, 499 U.S. at 491, 111 S.Ct. at 1468.

Considering the vast majority of Tennessee decisions applying waiver in the post-conviction context, and the relevant policy considerations, we conclude that the rebuttable presumption of waiver is not overcome by an allegation that the petitioner did not personally, knowingly, and understandingly fail to raise a ground for relief. Waiver in the post-conviction context is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney.[20]

Accordingly, the Court of Criminal Appeals' judgment is reversed, and the judgment of the trial court dismissing the petition for post-conviction relief is reinstated.

### CONCLUSION

We conclude that a "full and fair hearing" sufficient to support a finding of previous determination occurs if a petitioner is given the opportunity to present proof and argument on the petition for post-conviction relief. We further conclude that the rebuttable presumption of waiver is not overcome by an allegation that the petitioner did not personally and therefore, "knowingly and understandingly," waive a ground for relief. Instead, waiver is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney. Finally, we conclude that there is no right to effective assistance of counsel in post-conviction proceedings, and therefore, an allegation of ineffective assistance of prior post-conviction counsel does not preclude application of the defenses of waiver and previous determination. Accordingly, the Court of Criminal Appeals' judgment is reversed and the judgment of the trial court dismissing the petitioner's second petition for post-conviction relief is reinstated. Because of the necessity of the dismissal, we pretermit, in this case, the question of whether a capital post-conviction petitioner is entitled to the services of an expert at state expense. Costs of this appeal are taxed to the petitioner, Paul Gregory House, for which execution may issue.

DROWOTA, REID and BIRCH, JJ., and LEWIS, Special Judge, concur.

---

**20.** We are not confronted with an alleged relinquishment of a fundamental constitutional trial right which may only be waived personally by a defendant. We have stated on numerous occasions that the relinquishment of certain constitutional rights will not be presumed from a silent record. *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn.1977) (guilty pleas); *Estelle v. Williams*, 425 U.S. 501, 509, n. 3, 96 S.Ct. 1691, 1695, n. 3, 48 L.Ed.2d 126 (1976); *compare State v. Pearson*, 858 S.W.2d 879 (Tenn.1993) (waiver of statute of limitations defense will not be presumed from a silent record).