IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1998 SESSION

FILED

October 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| KENNETH RUSSELL LEWIS, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9802-CR-00054 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Stephen M. Bevil, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

**O R D E R**

The petitioner, Kenneth Russell Lewis, has applied for permission to appeal from the Hamilton County Criminal Court's refusal to reopen his post-conviction case that had previously been dismissed with prejudice.[1] He is seeking relief relative to his second degree murder conviction upon his guilty plea in December 1991 for which he received a twenty-five year sentence. He asserts that (1) the dismissal of his post-conviction case with his purported agreement resulted from the ineffective assistance of counsel, (2) the state has violated its agreement not to oppose parole, and (3) his attorney in the convicting case was ineffective in representing him. He also has moved for consideration of "Post-Judgment Facts" by which he seeks to submit for our consideration medical records that he claims bear upon his issues regarding counsel.

Pursuant to T.C.A. § 40-30-216(c), the petitioner could seek review of the denial of his motion to reopen by filing an application with this court seeking permission to appeal. The application may not be granted "unless it appears that the trial court abused its discretion in denying the motion." Id.

---

[1] The petitioner has proceeded in this case as if it were an appeal as of right, an appeal to which he is not entitled. We will treat his brief as an application pursuant to T.C.A. § 40-30-216(c).

The reopening of a post-conviction case is allowed in very limited situations. There must be either a new constitutional right established with retrospective application to the petitioner's case, new scientific evidence that establishes the petitioner's actual innocence, or the invalidation of a prior conviction that was used to enhance the petitioner's sentence. T.C.A. § 40-30-217(a)(1)-(3). The petitioner alleges none of these in this case. In this respect, even though his convicting case counsel's affidavit supports the petitioner's claim that the state agreed not to oppose parole, such a claim does not constitute grounds to reopen his previous post-conviction case. Also, a claim of ineffective assistance of post-conviction counsel relative to the post-conviction case being dismissed does not provide the petitioner an avenue of relief. See House v. State, 911 S.W.2d 705, 714 (Tenn. 1995).

We conclude that the trial court did not abuse its discretion in refusing to reopen the petitioner's post-conviction case. In consideration of the foregoing, it is hereby ORDERED as follows:

(1) The Motion for Consideration of Post-Judgment Facts is denied.

(2) Permission to appeal is denied.

(3) The costs of this cause are taxed against the state.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David G. Hayes, Judge