# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## NOVEMBER 1998 SESSION

FILED

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIE ROBERT SEAY, | ) | NO. 01C01-9712-CR-00570 |
| Appellant, | ) | |
| | ) | WILSON COUNTY |
| VS. | ) | |
| | ) | HON. J. O. BOND, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**WILLIE ROBERT SEAY,** *Pro Se*
#141848
Unit 6-A-102
Riverbend Maximum Security Prison
7475 Cockrill Bend Industrial Road
Nashville, TN 37209-1010

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**TOM P. THOMPSON, JR.**
District Attorney General

**DAVID DURHAM**
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087-3609

**OPINION FILED:** _____

**APPEAL DISMISSED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Willie Robert Seay, appeals the trial court's summary dismissal of his petition for post-conviction relief. The petitioner claims the trial court erred in dismissing his petition for post-conviction relief and presents the following issues for review:

> (1) whether the evidence presented at trial was sufficient to support his convictions;
>
> (2) whether trial counsel was deficient in stipulating that the substance sold by the petitioner was cocaine;
>
> (3) whether trial counsel was ineffective in stipulating as to the amount of cocaine sold; and
>
> (4) whether trial counsel was ineffective in stipulating "that the drugs alleged to have been sold by the defendant existed."

As explained in detail below, the petitioner has waived consideration of these issues because he failed to timely file notice of appeal. However, were the issues not considered waived, we note the issues presented were previously determined on direct appeal.

## PROCEDURAL HISTORY

The petitioner was convicted by a jury in 1994 on two (2) counts of the sale of cocaine over ½ gram, Class B felonies. Those convictions were affirmed by this Court on direct appeal. State v. Willie Robert Seay, C.C.A. No. 01C01-9506-CC-00162, Wilson County (Tenn. Crim. App. filed February 23, 1996, at Nashville). The Tennessee Supreme Court subsequently denied permission to appeal.

The petitioner timely filed a *pro se* petition for post-conviction relief on April 4, 1997. The trial court dismissed the petition May 8, 1997, for failure to present a colorable claim, finding the issues having been previously determined

2

on direct appeal.  The petitioner filed a notice of appeal on October 1, 1997.

## DISPOSITION

Firstly, the notice of appeal from the dismissal of the post-conviction petition was not timely filed.  A notice of appeal is required to be filed within thirty (30) days of the date of the entry of judgment or order from which relief is sought.  Tenn. R. App. P. 4(a).  The petitioner filed his notice over four (4) months after entry of the trial court's order.[1]  The appeal is time-barred and should be dismissed.

Secondly, the grounds for relief in this appeal were "previously determined" by a court of competent jurisdiction.  *See* Tenn. Code Ann. § 40-30-206(h).  As sufficiency of the evidence and ineffective assistance of counsel were expressly raised and decided on direct appeal, they have been "previously determined."  *See* House v. State, 911 S.W.2d 705, 711 (Tenn. 1995).

Accordingly, the appeal is DISMISSED.

---

[1] Tenn. R. App. P. 4(a) does authorize our waiver of the requirement of timely filing "in the interest of justice."  However, as the petitioner's issues were previously determined on direct appeal, the interest of justice does not require waiver of timely filing.  Furthermore, no reason for the untimely filing has been advanced by petitioner. *See* State v. Ted Ray Brannan, C.C.A. No. 01C01-9704-CC-00148, Franklin County (Tenn. Crim. App. filed May 15, 1998, at Nashville).

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**L.T. LAFFERTY, SENIOR JUDGE**

4