IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 28, 2018

**JARED S. AGUILAR v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 41100542      William R. Goodman, III, Judge**

_____

**No. M2017-01763-CCA-R3-PC**

_____

Petitioner, Jared S. Aguilar, appeals from the summary dismissal of his second petition for post-conviction relief. Petitioner was convicted of six counts of sexual exploitation of a minor and received an effective ten-year sentence. Petitioner claims that his grounds for relief in his original post-conviction petition were not resolved on the merits and that he did not receive a full and fair hearing. The State contends that the post-conviction court properly dismissed Petitioner's second post-conviction petition. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

B. Nathan Hunt, Clarksville, Tennessee, for the appellant, Jared S. Aguilar.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

On July 17, 2012, Petitioner was convicted of six counts of sexual exploitation of a minor and received a ten-year effective sentence. The facts underlying Petitioner's convictions were summarized by this court on direct appeal. *See State v. Aguilar*, 437 S.W.3d 889, 893-98 (Tenn. Crim. App. 2013). On appeal, Petitioner "claim[ed] that the trial court erred by denying his motion to suppress evidence seized pursuant to a search

warrant, that the evidence was insufficient to sustain two of the convictions, that the counts of the indictment are multiplicitous, and that the 10-year effective sentence is excessive." *Id*. This court held:

> [t]he trial court did not err by denying the [Petitioner's] motion to suppress evidence seized pursuant to the search warrant in this case. The evidence was sufficient to support each of the [Petitioner's] convictions, and none of the convictions was multiplicitous. The 10-year sentence was warranted under the circumstances of this case. Accordingly, the judgments of the trial court are affirmed.

*Id*. at 909.

Petitioner also argued on direct appeal that the trial court should have suppressed the evidence seized pursuant to the search warrant obtained by Investigator Cereceres because the warrant was not issued upon the application of the district attorney general as required by Code section 39-17-1007. . . ." *Id*. at 898-99. This court held that Petitioner waived the issue of the validity of the search warrant on the basis that it was not issued upon application of the district attorney general because it was raised for the first time on appeal. *Id*.

On September 14, 2014, Petitioner filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel at trial because his trial counsel did not obtain the services of an expert witness, and she did not effectively cross-examine the State's computer expert. The post-conviction court denied relief following an evidentiary hearing, and a panel of this court affirmed the judgment of the post-conviction court on appeal. *Jared S. Aguilar v. State*, No. M2015-00430-CCA-R3-PC, 2015 WL 9581558 (Tenn. Crim. App. Dec. 30, 2015), *perm. app. denied* (Tenn. Mar. 24, 2016).

On November 8, 2016, Petitioner filed *pro se* a second petition for post-conviction relief, which is the subject of this appeal. Petitioner alleged that his post-conviction counsel was ineffective for failing to raise all of the claims in his first post-conviction petition at the hearing. Petitioner asserted that the search was unlawful because the affidavit was insufficient and the warrant did not include the signature of the district attorney general. Petitioner also asserted that the evidence was insufficient to sustain his convictions in counts 1 and 2, that his convictions in counts 2 through 6 were duplicitous, and that the trial court abused its discretion in sentencing him.

The State filed a response to Petitioner's second post-conviction petition, arguing that the grounds for relief were previously determined and "that a claim of ineffective

assistance of counsel in a previous post-conviction proceeding is not cognizable as a basis for relief in a subsequent post-conviction action." *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995). Through counsel, Petitioner filed a "Response to State's Response to Petitioner's Second Post[-]Conviction Relief Petition," in which he contended that "his post-conviction counsel failed to litigate at the hearing on his petition on February 12, 2015, several issues raised in Petitioner's original petition for post-conviction relief, including, but not limited to, the erroneous admission at trial of evidence obtained through unlawful search and seizure." Petitioner alleged that his trial counsel was ineffective for failing to challenge the lawfulness of the search warrant and that the issue was not addressed on the merits in his direct appeal because this court found that the issue had been waived.

On August 1, 2017, the post-conviction court conducted a hearing on Petitioner's second post-conviction petition. No proof was presented, although the court heard arguments from both parties. Petitioner's counsel argued that Petitioner was not afforded a full and fair hearing on his original post-conviction petition because his post-conviction counsel failed to present all of his claims of relief to the court. Specifically, Petitioner raised the issue of whether his trial counsel was ineffective for failing to challenge the search warrant at trial. Petitioner's counsel argued, "the constitutional claim is not the lawfulness of the search warrant necessarily. It's – it's whether trial counsel was effective in not raising that issue at trial." The State argued that the issue of "whether or not an assistant DA or the elected DA signed the original search warrant" is a procedural issue rather than a constitutional issue.

At the conclusion of the hearing, the post-conviction court concluded:

As I understand the status, where we are, if this is – there's a basis then for this to be summarily dismissed. Since it is a second post[-]conviction that – that the opportunity for review of that issue is foreclosed. We have to – otherwise you – the only way you get around that is if there's some constitutional issue.

The only issue I see that's raised is the fact that the district attorney did not sign this application. And I find that that is a procedural matter and that the issue before the Court today then is whether this post[-]conviction – this petition seeking post[-]conviction is proper. I find that it is not. That the Petitioner has previously filed a post[-]conviction petition, has appealed, taken it through the Court of [Criminal] Appeals; therefore, the Court summarily dismisses the post[-]conviction petition that is presently before the Court.

- 3 -

In a written order denying post-conviction relief, the post-conviction court found "that a prior post[-]conviction relief petition attacking the [Petitioner's] conviction was filed and resolved on the merits, and that the facts and issues raised in the Second Petition for Post[-]Conviction Relief are procedural in nature and fail to show that the [Petitioner] is entitled to relief."

*Analysis*

Petitioner contends that he is entitled to post-conviction relief because his first post-conviction counsel failed to challenge the effectiveness of trial counsel regarding the lawfulness of the search warrant. Petitioner asserts that he was therefore denied a full and fair hearing on his original post-conviction petition. The State responds that the post-conviction court properly dismissed Petitioner's second petition because he received a full and fair hearing, his claims have been previously determined, and he has waived any claims not previously raised. We agree with the State.

The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief," and a petitioner may not file more than one post-conviction petition "attacking a single judgment." T.C.A. § 40-30-102(c). If a prior petition has been resolved on the merits by a court of competent jurisdiction, a "subsequent petition shall be summarily dismissed." *Id.* § 40-30-106(f). "A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117." *Id.*

A prior petition has been previously determined:

> [I]f a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the *opportunity* to call witnesses and otherwise present evidence, *regardless of whether the petitioner actually introduced any evidence.*

*Id.* § 40-30-106(h) (emphasis added).

A claim for relief is waived "if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-106(g). "There is a rebuttal presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived." *Id.* § 40-30-110(f). Waiver is to be determined by "an objective standard under which a petitioner is bound by the action or inaction of his attorney." *House*, 911 S.W.2d at 714.

- 4 -

"Tennessee courts have long adhered to the rule that a claim of ineffective assistance of counsel in a previous post-conviction proceeding is not cognizable as a basis for relief in a subsequent post-conviction action." *Id.* at 712 (citing *State v. Wilson*, 667 S.W.2d 113 (Tenn. Crim. App. 1983); *Recor v. State*, 489 S.W.2d 64, 68 (Tenn. Crim. App. 1972); *Dowlen v. State*, 477 S.W.2d 253, 254 (Tenn. Crim. App. 1971)). Furthermore, "an allegation of ineffective assistance of prior post-conviction counsel does not preclude application of the defense of waiver and previous determination." *Id.* at 706.

As noted above, Petitioner's second post-conviction petition alleges that his trial counsel was ineffective for failing to challenge the lawfulness of the search warrant and that because his original post-conviction counsel failed to litigate the effectiveness of trial counsel regarding that issue, he was denied a full and fair hearing. We disagree.

Petitioner's claim regarding the ineffectiveness of trial counsel has been previously determined after a full and fair hearing of the issue on the merits. Upon the filing of his original *pro se* petition, Petitioner was appointed counsel, and counsel filed an amended post-conviction petition, alleging that Petitioner's trial counsel was ineffective. An evidentiary hearing was conducted, and three witnesses were called to testify, including Petitioner, trial counsel, and an investigating detective. *Aguilar*, 2015 WL 9581558, at *6-*9. In this court's opinion affirming the denial of Petitioner's original post-conviction petition, we noted, "the post-conviction court found that 'all of [the issues about the search of the computer and other people accessing the computer] were adequately addressed by [the Petitioner's] counsel at the suppression hearing or during the course of the trial.'" *Id.* at *9. Petitioner's claim regarding the validity of the search warrant is waived. A petitioner is bound by the decisions of his post-conviction counsel including the strategic decision not to pursue certain claims. *House*, 911 S.W.2d at 714. Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

- 5 -