IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1996 SESSION

FILED

August 12, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JIMMY WAYNE WILSON | ) | |
| | ) | C.C.A. NO. 03C01-9604-CC-00142 |
| Appellant | ) | |
| v. | ) | Sullivan Criminal |
| | ) | |
| STATE OF TENNESSEE | ) | Honorable Arden L. Hill |
| | ) | |
| Appellee | ) | Habeas Corpus |

For Appellant:

Jimmy Wayne Wilson, Pro Se
P. O. Box 5000
Mountain City, TN  37683

For Appellee:

Charles W. Burson
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN   37243-0493

H. Greeley Wells, Jr.
District Attorney General

Joseph Eugene Perrin
Asst. District Attorney General
P.O. Box 526
Blountville, TN  37617-0526

OPINION FILED_____

AFFIRMED

WILLIAM M. DENDER, SPECIAL JUDGE
                    OPINION

This is an appeal as of right from the order of the Sullivan County Criminal Court, dated February 20, 1996, dismissing appellant's petition for a writ of habeas corpus, without appointing counsel and without a hearing. We find no merit in any of the issues raised on appeal, and the trial court is affirmed.

The petition for habeas corpus alleged that appellant is being "unlawfully restrained of his liberty" because the statute under which he was sentenced as an habitual criminal is unconstitutional. T.C.A. § 40-20-112 is the statute in question. A copy of the petition was never served on the Tennessee Attorney General; however, the district attorney general filed a response to the petition and alleged that the petition should be dismissed because (1) it was not filed in "the Court most convenient in point of distance to the petitioner pursuant to T.C.A. § 29-21-105, (2) the petitioner has not established that his conviction is void, and (3) the issues raised in the petition have been raised and decided in previous petitions for post-conviction relief.

FACTS

A jury convicted the appellant of rape in the Sullivan County Criminal Court, and on July 22, 1985, judgment was entered sentencing appellant to life imprisonment as an habitual criminal. At the time appellant was convicted of rape, he had several previous convictions which included perjury, burglary and felonious assault. Habitual criminal status at that time required three prior felony convictions, of which two were to be from a designated class. See T.C.A. § 39-1-801 (1982). Perjury and burglary fell within the class. At the time the current petition for habeas corpus was filed, appellant was incarcerated in the Northeast Correctional Center in Mountain City, Carter County, Tennessee. Appellant does not allege that his sentence has expired. He alleges his conviction for burglary on June 5, 1979 and his conviction for perjury on November 17,

2

1980 cannot be used to enhance his punishment, as an habitual criminal, to life imprisonment on his conviction for rape on July 22, 1985. He alleges that T.C.A. § 40-20-112, as it existed prior to May 18, 1981 and at the time of his convictions for burglary and perjury, has been held to be unconstitutional in Gaskin v. Collins, 661 S.W.2d 865; and that by reason thereof his convictions are void. He does not allege "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that the convicting court in either the burglary case or the perjury case was without jurisdiction or authority to sentence him.

ANALYSIS AND HOLDING

Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief. In criminal cases, the remedy is limited to cases were the judgment is void or the term of imprisonment has expired.

A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition. If the petition fails to state a cognizable claim, the suit may be summarily dismissed by the trial court. Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994).

A judgment of a court of general jurisdiction is presumed to be valid. This presumption is said to be conclusive unless the judgment is impeached by the record. If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief. Id., at 627.

Appellant appealed his conviction for rape and habitual criminal status, and this Court affirmed the trial court on November 14, 1986. Appellant later filed a petition for post-conviction relief concerning the 1985 rape conviction resulting in a life sentence as

an habitual criminal and the 1980 perjury conviction; and this Court affirmed the trial court, except as it related to the effective assistance of counsel on appeal, and the case was remanded to the trial court for an appropriate evidentiary hearing on that issue.

It is clear that the trial court had jurisdiction of the person and the subject matter; and that it had the authority to make the challenged judgment in each of the burglary, perjury, felonious assault and rape cases. The judgments against appellant are clearly voidable, not void.

Appellant insists that his petition for writ of habeas corpus should not be treated as a petition for post-conviction relief; however, he relies upon the post-conviction relief statutes to claim that he is entitled to appointed counsel. There is no indication that the trial court treated the petition as a petition for post-conviction relief; and if it had done so, the petition would properly have been immediately dismissed because the petition was not filed within three years after May 11, 1987, the date the Tennessee Supreme Court denied his application for permission to appeal in the rape case. The trial judge has discretion under T.C.A. § 40-14-204 to appoint counsel, if necessary, in habeas corpus proceedings; but there is no statutory or constitutional right to assistance of counsel in habeas corpus proceedings, or on appeal from the denial of the writ of habeas corpus. See House v. State, 911 S.W.2d 705 (Tenn. 1995). The petition in this case adequately set forth the various grounds claimed for the writ of habeas corpus, and under the facts of this case, there was no reason to appoint counsel. This issue has no merit.

It is not necessary for the purposes of this decision to consider the statute appellant says has been held to be unconstitutional; however, in order to clarify the misunderstanding we will address this issue. A careful reading of Gaskin v. Collins, supra, clearly shows that the only part of the statute declared unconstitutional was the

4

part which retroactively disenfranchised convicted felons who had never been adjudged infamous. This part of the statute was codified in T.C.A. § 2-2-139(d) and § 2-19-143(4), and it was not codified as T.C.A. § 40-20-112.

In Gaskin v. Collins, supra, at 866, the Tennessee Supreme Court affirmed the trial court and said:

> By judgment entered March 16, 1983, the Chancellor held that "Section 8 of Chapter 345 of the Tennessee Public Acts of 1981, as codified at T.C.A. § 2-2-139(d) and § 2-19-143(4), is declared to be unconstitutional in that it violates Article I, § 5 of the Tennessee Constitution." The Chancellor found that the remaining sections of Chapter 345 were not affected because of the severability clause found in Section 9 of the Act.

Appellant claims that T.C.A. § 40-2-112, as it existed prior to May 18, 1981, was declared unconstitutional, but that simply is not correct.

Prior to 1972, T.C.A. § 40-2712 included the words "it shall be part of the judgment of the court that the defendant be infamous, and be disqualified to exercise the elective franchise." By Chapter 740, § 4, Acts of Adjourned Session 1972, T.C.A. § 40-2712 was amended, and the above quoted words then read "it shall be part of the judgment of the court that the defendant be infamous." Notice that the words "and be disqualified to exercise the elective franchise" are left out of the act as amended in 1972. This change does not change the crimes listed in any way. It simply does not require that persons convicted of the listed crimes lose the right to exercise the elective franchise. In 1981 the legislature again amended this code section and included the words "and be immediately disqualified from exercising the right of suffrage."

At the time appellant was convicted of rape and his punishment enhanced under T.C.A. § 30-1-801, T.C.A. § 40-20-112 clearly limited the previous crimes to be considered in determining habitual criminal status to those listed prior to May 18, 1981; and burglary and perjury were among those listed crimes. Gaskin v. Collins, supra, has

5

no bearing, one way or the other, on the habitual criminal status of the petitioner.

Appellant also filed a Motion For Recusal, claiming "that sullivan county district attorney office and criminal court of sullivan county went outside of it jurisdiction or authority and hand pick a bias and prejudice judge Arden L. Hill, from Carter County Criminal Court, At Elizabethton, Tennessee to come into sullivan county criminal court to hear petitioner writ of habeas corpus in violation of the united states constitution under the 14th Amendment to due process clause." He also alleged "it is mandatory disqualification or recusal when a party has filed a timely and sufficient motion, the judge accused of bias and prejudice shall proceed no further, ..." The last quotation is simply is not the law; and such statement requires no further comment.

The order of the trial court dismissing the habeas corpus petition was signed by Judge Hill on February 12, 1996, and filed by the clerk on February 20, 1996. The Motion For Recusal was filed on February 21, 1996. Notice of appeal was filed on February 26, 1996.

The motion was filed too late. The court had already ruled, and under the facts of this case the ruling would have been the same regardless of which judge considered the petition, or if a hearing had been allowed, any evidence that could have been presented under the petition. There is nothing in the record to indicate that Judge Hill did anything wrong in this case, or that there was any reason for him to recuse himself. We find the issue concerning the Motion For Recusal to be totally without merit.

We further note that the same baseless complaint has been filed by appellant against other judges. Also, intentionally or not, appellant states in his brief a wrong date for the date his Motion for Recusal was filed, and he misquotes the trial court's order. If appellant were a lawyer, sanctions against him would be considered.

6

Appellant also alleged that Judge Hill did not have jurisdiction to hear his petition. Appellant does not allege that Judge Hill is not a duly elected judge of the 1st Judicial District of the State of Tennessee, and in fact appellant states that Judge Hill is from the Carter County Criminal Court, which is part of that judicial district.

> Criminal judges may have the right to interchange with each other and with judges of all other courts of record in the state when causes exist making an interchange necessary or desirable, or mutually convenient by agreement. T.C.A. § 17-2-205.

> In all cases, the judge or chancellor holding court in the circuit or division of another, shall have the same power and jurisdiction as the judge or chancellor in whose place the judge or chancellor is acting. T.C.A. § 17-2-205.

Clearly the issue concerning the jurisdiction of Judge Hill to hear the case has no merit.

Since the judgments against the appellant clearly are not void, it is not necessary to consider other reasons why the petition cannot succeed.

We find no merit in any of the issues raised by the appellant, and the trial court is affirmed. The case is remanded to the trial court for all necessary proceedings not inconsistent with this opinion.

_____
William M. Dender, Special Judge

CONCUR:

_____

7

Joseph B. Jones, Presiding Judge

_____

David G. Hayes, Judge