# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1999

**FILED**

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| TOM MOORE, III, | )C.C.A. NO. W1998-00579-CCA-R3-PC |
| Appellant, | ) |
| | ) |
| V. | ) SHELBY COUNTY |
| | ) |
| | ) HON. CAROLYN WADE BLACKETT |
| STATE OF TENNESSEE, | ) |
| | ) |
| Appellee. | ) (POST-CONVICTION) |

FOR THE APPELLANT:

**JOANNE M. JENKINS**
THE WAGERMAN LAW FIRM
200 Jefferson Avenue, Suite 1313
Memphis, TN 38103

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**J. ROSS DYER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**PAUL GOODMAN**
Assistant District Attorney General
Criminal Justice Center, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED; PERMISSION TO SEEK DELAYED APPEAL GRANTED

THOMAS T. WOODALL, JUDGE

# OPINION

On March 1, 1991, the Shelby County Grand Jury indicted Petitioner Tom Moore, III, for two counts of aggravated rape and one count of rape. Following a jury trial on October 14–18, 1991, Petitioner was convicted of two counts of aggravated rape. On November 21, 1991, the trial court imposed two consecutive sentences of twenty-five years. Petitioner challenged his convictions and his sentences on direct appeal, and this Court affirmed the judgment of the trial court in State v. Tom Moore, III, No. 02C01-9204-CR-00073, 1993 WL 512695 (Tenn. Crim. App., Aug. 18, 1993). Petitioner filed a petition for post-conviction relief on October 20, 1994, an amended petition on April 31, 1995, and a supplemental petition on May 1, 1996. The post-conviction-court conducted a hearing on July 17–18, 1996. The trial court subsequently dismissed the petition for post-conviction relief by an order dated December 7, 1998. Petitioner challenges the dismissal of his petition, raising the following issues:

1) whether the evidence was sufficient to support his convictions;

2) whether the trial court erred when it instructed the jury on reasonable doubt; and

3) whether he received ineffective assistance of counsel at trial and on direct appeal.

After a review of the record, we affirm the trial court's dismissal of the petition, but we grant Petitioner a delayed appeal of his convictions and sentences.

## I. BACKGROUND

### A. Facts at Trial

In <u>Tom Moore</u>, 1993 WL 512695, at *1–2, this Court gave the following summary of the facts established at trial:

> It appears to be undisputed that the 11-year-old victim in this case, S.W., spent a lot of time at the home of [Petitioner], visiting her cousin, who is [Petitioner's] daughter. The victim testified quite clearly about how [Petitioner] sexually assaulted her. She said that he touched her "bottom private" with his "private" when he had no pants on and she had no pants on. He put his "private inside her private" and this hurt her and she cried. [Petitioner] told the victim not to tell.
> S.W.'s testimony that she was raped was supported by the testimony of Kitty Roberts, a forensic evaluator with the Memphis Sexual Assault Center, who examined her. She found evidence of trauma indicating penetration into the vaginal orifice, including a hymen which was worn away and synechial wounds, or scar tissue, at 5:00 and 8:00.

## B. Post-conviction Hearing

During the post-conviction hearing, Petitioner testified that he was represented at trial by Andre Stepter and Ron Johnson. Petitioner claimed that neither Stepter nor Johnson ever conferred with him about his trial until the day the trial began. Petitioner also claimed that his trial counsel failed to interview and call two witnesses, Robin Gibbons and Thermon Thomas, who would have testified favorably on his behalf.

Petitioner testified that his trial counsel failed to ask for "the rule", and this failure allowed the State's witnesses to attend portions of the trial before they testified. Petitioner also claimed that his trial counsel never filed any pretrial motions.

Ronald Johnson testified that he and Stepter met with Petitioner and/or Petitioner's family members on numerous occasions. Johnson testified that he filed a pretrial motion for discovery and a motion to instruct the jury on range of punishment, but he did not file any other pretrial motions because no other pretrial motions were necessary.

Johnson testified that although he could not specifically recall whether he had asked for "the rule" that excluded witnesses from observing the trial, he routinely asked for "the rule" in all criminal cases. Johnson did remember that with the exception of Kennitha Watt, none of the State's witnesses observed the trial before they testified. When the State recalled Watt after she had observed some of the trial, Johnson objected.

Johnson testified that he and Stepter investigated the case and obtained statements from Thomas and Gibbons. Johnson and Stepter decided not to call these two witnesses because they believed that the two witnesses would harm the defense more than they would help it.

Andre Stepter testified that he discussed Petitioner's case with him on several occasions. Stepter also testified that he made a strategic decision not to call Thomas and Gibbons to testify at trial. Stepter admitted that he had a drug problem in the past, but he denied that he was using drugs during Petitioner's trial.

## II. SUFFICIENCY OF THE EVIDENCE

Petitioner contends that the evidence was insufficient to support his conviction.

When Petitioner filed his petition in 1994, Tennessee Code Annotated section 40-30-111 provided

> The scope of the [post-conviction] hearing shall extend to all grounds the petitioner may have, except those grounds which the court finds should be excluded because they have been waived or previously determined . . . .

Tenn. Code Ann. § 40-30-111 (1990). In addition, Tennessee Code Annotated section 40-30-112(a) provided

A ground for relief is "previously determined" if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.

Tenn. Code Ann. § 40-30-112(a) (1990). A full and fair hearing sufficient to support a finding of previous determination occurs if a petitioner is given the opportunity to present proof and argument on the claim. House v. State, 911 S.W.2d 705, 711 (Tenn. 1995).

In the direct appeal of this case, this Court specifically addressed this issue and held that the evidence was sufficient to support Petitioner's convictions for two counts of aggravated rape. Tom Moore, 1993 WL 312695, at *1–2. Because this Court addressed this issue on direct appeal after Petitioner had been given the opportunity to present proof and argument for the issue, this issue is not cognizable in this post-conviction proceeding. Petitioner is not entitled to relief on this issue.

### III. JURY INSTRUCTION ON REASONABLE DOUBT

Petitioner contends that the trial court erred when it instructed the jury on reasonable doubt.

As previously stated, when Petitioner filed his petition in 1994, section 40-30-111 provided:

> The scope of the [post-conviction] hearing shall extend to all grounds the petitioner may have, except those grounds which the court finds should be excluded because they have been waived or previously determined . . . .

Tenn. Code Ann. § 40-30-111 (1990). In addition, section 40-30-112(b) provided:

> (1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding in which the ground could have been presented.
> (2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

Tenn. Code Ann. § 40-30-112(b) (1990). The presumption of waiver is not overcome by an allegation that the petitioner did not personally (i.e., knowingly and

understandingly) waive a ground for relief because waiver is determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney. House, 911 S.W.2d at 714. Clearly, Petitioner's claim that the trial court erred when it instructed the jury on reasonable doubt was available when he filed his direct appeal. In addition, Petitioner has failed to make any effort whatsoever to overcome the presumption that he waived this issue by failing to raise it on direct appeal. Thus, this issue is not cognizable in this post-conviction proceeding. Moreover, we note that Petitioner would not be entitled to relief even if this issue had not been waived because this Court has previously upheld the constitutionality of a reasonable doubt instruction that was virtually identical to the instruction in this case. See State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993). Petitioner is not entitled to relief on this issue.

## IV. ASSISTANCE OF COUNSEL

Petitioner contends that he received ineffective assistance of counsel both at trial and on direct appeal to this Court. We disagree.

Article I, Section 9 of the Tennessee Constitution provides "that in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." Tenn. Const. art I, § 9. Similarly, the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. "These constitutional provisions afford to the accused in a criminal prosecution the right to effective assistance of counsel." Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance

was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advise given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component." Id. "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

### A. Alleged Failure to File Pretrial Motions

Petitioner contends that trial counsel were ineffective in failing to file pretrial motions in this case. Specifically, Petitioner argues that they should have filed a motion to suppress, a motion for information on witnesses not endorsed on the indictment, a motion to withdraw, a motion for discovery, and another motion for a jury instruction that Petitioner has not specifically identified.

Johnson and Stepter both testified that they filed a motion for discovery and a motion to charge range of punishment. Johnson also testified that there was no need to file a motion to suppress because there was nothing to suppress and there

was no need to file a motion for more information on witnesses because the defense already knew who the State's witnesses would be.

Although Petitioner claims that counsel were ineffective in failing to file the pretrial motions, he has failed to identify even a single ground upon which any of the proposed motions could have been based. In addition, Petitioner has failed to identify any manner in which he was prejudiced by the failure to file the pretrial motions. Clearly, Petitioner has failed to meet his burden of demonstrating that trial counsel were deficient in this regard. Petitioner is not entitled to relief on this issue.

### B.  Alleged Failure to Confer with Petitioner

Petitioner contends that trial counsel were ineffective because they never discussed his case with him until the day of trial.

Although Petitioner testified that he never discussed his case with trial counsel until the morning of trial, both Johnson and Stepter testified that they discussed the case with Petitioner and/or his family members several times before trial. In ruling on this issue, the trial court found that Petitioner had failed to meet his burden of establishing that trial counsel were deficient in this regard. Although not expressly stated, the court clearly accredited the testimony of Johnson and Stepter and did not believe Petitioner.

The evidence in the record simply does not preponderate against the trial court's finding that trial counsel met with Petitioner on several occasions before trial. In short, Petitioner has failed to establish that trial counsel were deficient in this regard. Petitioner is not entitled to relief on this issue.

### C.  Alleged Drug Use

Petitioner contends that he received ineffective assistance of counsel because Stepter had a drug problem during the period that Petitioner's case went to trial.

Stepter admitted that he had had a drug problem during some period in the past, but he specifically denied that he was using drugs while he represented Petitioner and he testified that his drug problem had absolutely no effect on his representation of Petitioner. Johnson testified that he had no knowledge that Stepter ever had a drug problem. The trial court found that the allegation that Stepter's drug problem had a detrimental effect on Petitioner's trial was completely unsubstantiated and had no merit whatsoever.

Quite simply, Petitioner has failed to identify any evidence which shows that Stepter was using drugs during the trial or that Stepter's drug problem had even the slightest effect on the outcome of the trial. The record does not preponderate against the trial court's findings. Petitioner is not entitled to relief on this issue.

### D. Failure to ask for "the Rule"

Petitioner contends that trial counsel were ineffective in failing to ask for "the rule" before trial. Specifically, Petitioner claims that this failure allowed the State's witnesses to observe portions of the trial before they testified.

Johnson testified that with the exception of Kennitha Watt, none of the State's witnesses observed the trial before they testified. The trial court ruled that although trial counsel had not asked the trial court to enforce the "rule" that excludes witnesses from observing the trial before they testify, Petitioner was not prejudiced by this action. The trial court based this ruling on its finding that with the exception of one witness who remained in the court room after giving her initial testimony and

was subsequently recalled by the State, no other witness was allowed to observe the trial before he or she testified.

We conclude that Petitioner has failed to meet his burden of establishing that he was prejudiced by the failure to call for "the rule". We have reviewed the trial transcript, and there is no evidence that any witness other than Kennitha Watt observed any portion of the trial before testifying. As to Watt, she was allowed to remain in the courtroom after she gave her original testimony and she was subsequently recalled by the State. However, when Watt was recalled she testified only that she had placed a call to her aunt and asked her aunt to meet with her. Indeed, the direct examination of Watt after she was recalled only takes up approximately one page of the trial transcript.

Although Petitioner contends that he was prejudiced by Watts' subsequent testimony after she observed portions of the trial, he has failed to identify any portion of Watt's testimony that was prejudicial. In short, Petitioner has failed to meet his burden of establishing that in the absence of this deficiency, there is a reasonable probability that the result of his trial would have been different. Petitioner is not entitled to relief on this issue.

### E. Failure to Call Two Witnesses

Petitioner contends that trial counsel were ineffective because they failed to call Robin Gibbons and Thermon Thomas to testify for the defense. Specifically, Petitioner argues that these witnesses should have been called because they would have testified favorably on his behalf.

Johnson testified that he and Stepter investigated the case, obtained statements from Thomas and Gibbons, and decided not to call these two witnesses because they would harm the defense more than they would help it. Stepter likewise

testified that he made a strategic decision not to call Thomas and Gibbons to testify at trial. The trial court ruled that it agreed with Johnson and Stepter that calling these two witnesses would have hurt Petitioner's case and regardless, the failure to call these witnesses was a tactical decision that would not be questioned in hindsight.

Initially, we note that Petitioner should have called these two witnesses during the post-conviction hearing to establish what their testimony would have been at trial. See Black v. State, 794 S.W.2d 752, 757–58 (Tenn. Crim. App. 1990) ("When a petitioner contends that trial counsel failed to . . . present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. As a general rule, this is the only way the petitioner can establish that . . . the failure to . . . call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner.")

In addition to Petitioner's failure to call these witnesses during the post-conviction hearing, Johnson and Stepter's decision not to call these witnesses was clearly a tactical one that we will not second guess. As the Tennessee Supreme Court has stated, "the defense attorney's representation . . . is not to be measured by '20-20 hindsight.'" Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Indeed, "[i]t cannot be said that incompetent representation has occurred merely because other lawyers, judging from hindsight, could have made a better choice of tactics." Id. Petitioner is not entitled to relief on this issue.

**F. Failure to Object to Rape Crisis Testimony**

Petitioner contends that trial counsel were ineffective in failing to object to the sufficiency of the testimony of Kitty Roberts of the Memphis Rape Crisis Program.

Petitioner's allegation as to why trial counsel were ineffective in this regard is extremely vague. Indeed, Petitioner has failed to identify a single basis for objecting to Robert's testimony and has failed to identify any manner in which he was prejudiced by this testimony. In short, Petitioner has clearly failed to meet his burden of establishing that trial counsel were deficient or that he was prejudiced as a result. Petitioner is not entitled to relief on this issue.

### G. Failure to Implicate a Possible Perpetrator

Petitioner contends that trial counsel were ineffective because they failed to present evidence that another individual had access to the victims in this case.

When Stepter was questioned about why he did not call the mother of the victims to testify that her boyfriend was living in the same residence with her and the victims during the general period when the offenses were committed, Stepter testified that he did not believe that the mother would have made a good witness. Stepter also testified that he did not call the victims' mother because she was not present when the offenses occurred.

Once again, it appears that Stepter's decision not to present this evidence was a tactical decision that we will not use hindsight to second guess. See Hellard, 629 S.W.2d at 9. Moreover, we cannot say that, in the absence of any evidence that the boyfriend had anything to do with the commission of the crimes in this case, there is a reasonable likelihood that the result of the trial would have been different if the jury had known that the boyfriend was living in the same residence as the victims. Petitioner is not entitled to relief on this issue.

### H. Failure to Ask for a "Fresh Complaint" Instruction

Petitioner contends that trial counsel were ineffective in failing to request an instruction that the "fresh complaint" evidence introduced by the State could be considered only for the limited purpose of supporting the victims' credibility.

Initially, we note that Petitioner has failed to cite any authority in support of his claim and the argument section of his brief does not identify the portions of the record that contain the "fresh complaint" evidence for which he contends that an instruction should have been requested. By failing to properly cite to the relevant portions of the record or to cite any authority, Petitioner has waived this issue. Tenn. Ct. Crim. App. R. 10(b). However, Petitioner is not entitled to relief even on the merits. Petitioner has failed to identify any prejudice that he suffered in regard to this issue. Indeed, Petitioner has not even specifically stated in his brief that he was prejudiced with respect to this issue. In short, we conclude that there is no reasonable likelihood that if trial counsel had requested such an instruction and such an instruction had been given, the result of the trial would have been different. Petitioner is not entitled to relief on this issue.

## I. Alleged Failure to Object During Sentencing Hearing

Petitioner contends that trial counsel were ineffective in failing to object during the sentencing hearing when the trial court stated that it was basing its imposition of consecutive sentencing on a "threat of death".

Once again, Petitioner has failed to identify the portion of the record that contains the allegedly objectionable proceedings and he has failed to cite any authority in support of his proposition. Thus, Petitioner has waived this issue. Tenn. Ct. Crim. App. R. 10(b). In addition, Petitioner's claim is not supported by the record. We have reviewed the transcript of the sentencing hearing and we have been unable to find any instance in which the trial court referred to a "threat of death". Indeed, the trial court stated that it was basing the imposition of consecutive sentencing on the

fact that Petitioner was convicted of two sexual offenses involving a minor and the court made no mention of any "threat of death". Petitioner is not entitled to relief on this issue.

### K. Alleged Failure to Challenge a Witness' Statement

Although it is not entirely clear, Petitioner apparently contends that trial counsel were ineffective because they failed to "make an issue out of" the fact that one of the witnesses initially claimed that Petitioner was the father of her child and later claimed at different times that two other individuals were the father.

The record indicates that Stepter vigorously cross-examined this witness about her conflicting statements about the father of her child. Petitioner has failed to identify anything that counsel could or should have done differently to "make an issue out of" these conflicting statements. In short, Petitioner has failed to identify any prejudice that resulted from this alleged deficiency. Petitioner is not entitled to relief on this issue.

### L. Actions of Appellate Counsel

Petitioner contends that he received ineffective assistance of counsel from his counsel on direct appeal, Avis Topps.

Petitioner testified that he felt like Topps' representation had been deficient because after she filed his direct appeal, Topps lost her law license and left the state. Petitioner also testified that Topps had not pursued his appeal in the Tennessee Supreme Court and had not filed a motion to withdraw from his case. Petitioner further testified that Topps never advised him that he had a right to appeal

to the Tennessee Supreme Court. In its order denying the petition for post-conviction relief, the trial court found that Petitioner had failed to substantiate his allegation that Topps provided ineffective assistance of counsel by losing her law license and leaving the state after she filed the direct appeal.

We conclude that the mere fact that Topps lost her law license and left the state after she filed the direct appeal, without more, does not establish that her representation was ineffective. In short, Petitioner has failed to meet his burden of establishing that Topps provided deficient representation or that without any alleged deficiency, there is a reasonable probability that the results of his appeal would have been different. Petitioner is not entitled to relief on this issue.

## V. DELAYED APPEAL

Even though we conclude that the trial court properly dismissed the petition, we conclude that Petitioner should be granted a delayed opportunity to apply for permission to appeal his convictions and sentences to the Tennessee Supreme Court. The record supports Petitioner's claim that Topps did not file an application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. In addition, the record supports Petitioner's claim that Topps never filed a motion to withdraw from his case. Further, there is no indication in the record that Topps ever advised Petitioner of his right to appeal and Petitioner then waived that right. In short, the record supports Petitioner's claim that he was denied the opportunity to pursue an appeal in the Tennessee Supreme Court through no fault of his own. "[U]nilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal." Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984). Therefore, we grant petitioner the right to seek a delayed appeal to the Tennessee Supreme Court. See, e.g., State v. Guadalupe Mendez, No. 01C01-9703-CC-00076, 1998 WL 345348 (Tenn. Crim. App., Nashville, June 30, 1998), perm. to. appeal denied, (Tenn. 1999)

-15-

(affirming dismissal of post-conviction petition, but granting petitioner delayed opportunity to seek review by Tennessee Supreme Court).

## VI. CONCLUSION

Based upon the foregoing, we affirm the post-conviction court's denial of post-conviction relief in all respects, but the record preponderates a sufficient basis for relief in order to allow Petitioner to seek review of this Court's judgment (on direct appeal) by the supreme court in a delayed appeal.  Therefore, we vacate our judgment in <u>State v. Tom Moore, III</u>, No. 02C01-9204-CR-00073, (Tenn. Crim. App., Aug. 18, 1993), and reenter it, effective as of the date of the release of this opinion, for the sole purpose of reinstating the time allowed to obtain permission to appeal to the Tennessee Supreme Court in the above styled case.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOE G. RILEY, JR., Judge