IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 20, 2001

## JOHN BATES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 231663    Stephen M. Bevil, Judge**

**No. E2000-02354-CCA-R3-PC**
**April 12, 2001**

The petitioner appeals pro se the summary denial of his third petition for post-conviction relief arising out of his 1982 conviction for first degree murder. He asserts that his trial counsel and previous post-conviction counsel rendered ineffective assistance of counsel in that they did not raise the issue of the trial court's failure to instruct the jury as to the defense of alibi. We conclude this petition is barred by the applicable statute of limitations. Therefore, we affirm the post-conviction court's summary dismissal of this petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

John Bates, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Clinton J. Morgan, Counsel for the State, for the appellee, State of Tennessee.

### OPINION

The petitioner, John Bates, appeals the summary denial of his third petition for post-conviction relief. The post-conviction court dismissed his petition on the grounds that the issues presented by the petition were waived as they should have been raised in earlier appeals or petitions. The petitioner argues that the issues in his current petition were not waived. After review, we disagree with the petitioner and affirm the trial court's dismissal of the petition

**Procedural Background**

The petitioner, John Bates, was convicted by a Hamilton County jury of first degree murder and was sentenced to life imprisonment on July 23, 1982. His conviction was affirmed by this court on direct appeal in July 1983, and the Supreme Court denied permission to appeal in October 1983. Bates then filed a post-conviction petition alleging a constitutionally infirm jury instruction and ineffective assistance of counsel at trial and on appeal. The court appointed counsel and counsel amended the petition to allege erroneous jury instructions and ineffective assistance of counsel in failing to investigate, obtain, and produce exculpatory evidence. After a hearing, the trial court dismissed the petition. On appeal, this court found that the jury instruction, by impermissibly shifting the burden to the defendant, was defective, but the error was harmless beyond a reasonable doubt. Bates v. State, No. 03-C-019102CR00055, 1991 WL 172999, (Tenn. Crim. App., filed Sept. 10, 1991, at Knoxville). Permission to appeal was denied by the Tennessee Supreme Court on January 27, 1992.

On February 3, 1992, the petitioner filed a second petition for post-conviction relief. Without appointment of counsel or a hearing, the trial court dismissed the second petition finding that the second petition raised no new issues and no ground for relief not either previously determined or waived. This court affirmed the dismissal on May 6, 1993. Bates v. State, No. 03C01-9208-CR-00279, 1993 WL 144618 (Tenn. Crim. App., filed May 6, 1993, at Knoxville). The Tennessee Supreme Court denied permission to appeal on November 1, 1993, concurring in results only.

## Facts

On February 10, 2000, the petitioner, pro se, filed his third petition for post-conviction relief, which is the subject of this appeal. The post-conviction court summarily dismissed this third petition for post-conviction relief on April 14, 2000, stating:

> Mr. Bates filed two (2) previous petitions for post-conviction relief, numbers 175090 and 191323. In the first petition, he was appointed counsel and had an evidentiary hearing. The dismissal of the post-conviction was upheld on appeal. Mr. Bates also filed two (2) "Petitions for Writ of Habeas Corpus" in Federal Court, both of which were denied. The court finds that there is no issue in this post-conviction relief [petition] which could not have been raised in a previous petition, and that there is no basis to appoint counsel and have an evidentiary hearing. It is, therefore, ORDERED that the petition be dismissed without appointment of counsel and without an evidentiary hearing.

The petitioner filed a pro se notice of appeal on May 16, 2000. His appeal is now properly before this court, and he asserts that the trial court erred in summarily denying his petition for post-conviction relief. After review, we affirm the post-conviction court's dismissal of the petition.

## Analysis

First, we address whether the petitioner filed this petition within the applicable statute of limitations. Tennessee Code Annotated section 40-30-202(a) makes it clear that the petitioner's petition is outside the statute of limitations. Specifically, section 40-30-202(a) sets forth that a petitioner "must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest appellate court to which an appeal is taken." Furthermore, "any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition . . . under this part." Tenn. Code Ann. § 40-30-201, Compiler's Notes. Clearly, according to the dates set forth above, the petitioner failed to file his current petition for post-conviction relief by the statutorily mandated date of May 10, 1996.

Next, we address the fact that the petition before us is this petitioner's third post-conviction petition. Our Post-Conviction Procedure Act allows only one petition for post-conviction relief. See Tenn. Code Ann. § 40-30-202(c); see also Todd v. State, No. M1999-00976-CCA-R3-PC, 2000 WL 1130363 (Tenn. Crim. App., filed July 28, 2000, at Nashville). The current post-conviction statute states that "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. § 40-30-202(c). The petitioner previously filed a post-conviction petition on December 20, 1988. The trial court held an evidentiary hearing on that petition in which Bates was represented by counsel. After a hearing on the merits of the petition, the post-conviction court dismissed the petition, which our court affirmed in 1991 and the Tennessee Supreme Court denied permission to appeal in 1992. Bates v. State, No. 03-C-019102CR00055, 1991 WL 172999 (Tenn. Crim. App., filed Sept. 10, 1991, at Knoxville). Therefore, the post-conviction court properly dismissed the petition in question pursuant to Tennessee Code Annotated section 40-30-202(c).

Although the petitioner acknowledges that he filed a prior petition that was resolved on the merits and that his current petition is outside the applicable statute of limitations, he attempts to rebut waiver by claiming ineffective assistance of post-conviction counsel. However, our supreme court has made it abundantly clear that there is no constitutional right to effective assistance of counsel in post-conviction proceedings. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). Therefore, because "a petitioner is bound by the action or inaction of his attorney," no matter how legitimate a post-conviction petitioner's constitutional claim, if the claim could have been raised in a prior post-conviction hearing, the claim is waived and cannot be reviewed. House, 911 S.W.2d at 714.

A petitioner may, however, "move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217." Tenn. Code Ann. § 40-30-202(c). In filing a motion to reopen, a petitioner must adhere to the specific requirements set out in Tennessee Code Annotated section 40-30-217. Although this petition does not meet those technical requirements, were we to treat this petition as a motion to reopen a prior petition, we would address the defendant's claim of constitutional violations under section 40-30-217(a)(1). That provision states:

> A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

-3-

The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial.

Tenn. Code Ann. § 40-30-217(a)(1). Furthermore, to successfully reopen a prior petition, the "motion to reopen must be filed within one year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial." Id. As the petitioner points out in his petition, his alleged constitutional violations are ones that are well established in case law interpreting the Tennessee Constitution and United States Constitution. Therefore, the petitioner's claims would not meet the requirement of a newly established constitutional right.

## Conclusion

After review, we hold that the post-conviction court properly summarily dismissed the petitioner's post-conviction petition because he previously filed a petition that was resolved on the merits. Furthermore, the petitioner's petition is barred by the applicable statute of limitations and does not meet the requirements to reopen a prior petition. Accordingly, we affirm the dismissal of the post-conviction court.

_____

JOHN EVERETT WILLIAMS, JUDGE

-4-