# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ANTHONY JEROME STOKES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 211-043     Douglas A. Meyer, Judge**

---

**No. E2002-02597-CCA-R3-PC**
**July 7, 2003**

---

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur in that portion of the majority opinion which concludes that the "additional issues" presented by Petitioner were beyond the scope of the remand. However, I respectfully dissent from the remaining portion of the majority opinion.

In this case, Petitioner filed a post-conviction petition attacking his convictions of first degree murder and second degree murder. He was afforded an evidentiary hearing and the trial court denied the relief requested. This Court affirmed the judgment of the trial court denying the petition for post-conviction relief. Therefore, Petitioner was afforded a complete hearing on his request for post-conviction relief, and was fully afforded his first-tier appellate review.

It is uncontradicted that Petitioner was denied the opportunity, at no fault of his own, to seek a *discretionary* appeal to the supreme court from this Court's affirmance of a denial of his request for post-conviction relief.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the supreme court explicitly recognized that Rule 2 of the Tennessee Rules of Appellate Procedure prohibits appellate courts from extending the time for filing an application for permission to appeal prescribed in Rule 11 of the Tennessee Rules of Appellate Procedure. *Id*. at 466. In *Williams*, the appellant had been denied the reasonable opportunity to seek post-conviction relief because his trial counsel in the direct appeal from his conviction did not properly withdraw his representation, and there were concerns that he did not properly notify the appellant of the judgment of this court. The appellant had been denied access to present any claim for post-conviction relief. *Williams* was remanded for an evidentiary hearing in the trial court to determine whether or not the statute of limitations for filing a post-conviction relief petition should be tolled, and whether the appellant filed a late petition within a reasonable opportunity afforded by tolling of the statute of limitations. If so, this would retrigger the time for filing for supreme court review, but of the affirmance of his conviction on *direct appeal*.

There can be only one post-conviction petition filed. In regard to effective assistance of counsel, it can only attack counsel's performance in the original proceedings leading to a conviction, Tenn. Code Ann. § 40-30-202(c); *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995) ("there being no constitutional or statutory right to effective assistance of counsel in post-conviction proceedings, a court should not consider the ineffectiveness of counsel at a prior post-conviction proceeding in deciding whether a ground for relief has been previously determined.")

Petitioner did not have a constitutional right of effective assistance of counsel during his post-conviction proceedings. He was afforded a full evidentiary hearing in the trial court, along with a full review in his first-tier appeal in this Court. Therefore, I am constrained to conclude that there was no due process violation to Petitioner which would warrant the extreme relief of vacating and immediately reinstating our judgment in order for Petitioner to seek a discretionary appeal to the Supreme Court challenging the denial of his petition for post-conviction relief. For this reason, I respectfully dissent.

_____
THOMAS T. WOODALL, JUDGE