IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1998 SESSION

FILED

March 31,1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES H. HURTCH, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9704-CR-00145 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable J. Randall Wyatt, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

James H. Hurtch, Pro Se, #103238
R.M.S.I.
7475 Cockrill Bend Rd.
Nashville, TN 37209-1010
(AT TRIAL)

Gregory D. Smith
One Public Square, Suite 321
Clarksville, TN 37040
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Ellen H. Pollack
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
        and
Paul DeWitt
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, James H. Hurtch, appeals as of right from the Davidson County Criminal Court's summary dismissal of his third petition for post-conviction relief. The defendant is presently serving a twenty-two-year sentence in the custody of the Department of Correction resulting from his 1992 convictions for aggravated robbery, theft, reckless endangerment, violations of the driver's license law, evading arrest and resisting arrest. The petitioner's underlying claim is that post-conviction appellate counsel for his second petition was ineffective by failing to raise issues on appeal to this court and by failing to appeal the case to the Tennessee Supreme Court. The trial court dismissed the petition because the defendant does not have the right to the effective assistance of counsel in a post-conviction proceeding. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). The petitioner acknowledges that there is no right to the effective assistance of post-conviction counsel, but he contends that House should be reversed. However, not only are we bound by House, there is no justiciable claim presented under the 1995 Post-Conviction Procedure Act.

In 1992, the petitioner was convicted of aggravated robbery, theft, reckless endangerment, violations of the driver's license law, evading arrest and resisting arrest. The convictions were affirmed on appeal. State v. James Howard Hurtch, No. 01C01-9209-CR-00267, Davidson County (Tenn. Crim. App. Feb. 25, 1993) (affirmed pursuant to Rule 20, Tenn. Ct. Crim. App.), app. denied (Tenn. June 1, 1993). On August 9, 1994, the petitioner filed his first petition for post-conviction relief. After a hearing, the petition was denied, and the denial was affirmed on appeal. State v. James Howard Hurtch v. State, No. 01C01-9411-CR-00399, Davidson County (Tenn. Crim. App. July 26, 1995). A second petition was filed on February 27, 1996, and the trial court summarily dismissed the petition.

2

The present petition alleging the ineffective assistance of post-conviction counsel was filed on July 26, 1996. The petitioner did not file a motion to reopen as required by the statute. See T.C.A. §§ 40-30-202(c) and -217. Rather than summarily dismissing the petition on grounds that it did not state cognizable claims for reopening a post-conviction proceeding, the trial court considered the petition on the merits and concluded that the petition should be dismissed without a hearing as it did not state proper grounds for post-conviction relief.

The Post-Conviction Procedure Act of 1995 governs all petitions filed after May 10, 1995. See T.C.A. §§ 40-30-201--222. The Act provides:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217.

T.C.A. § 40-202(c). A claim based upon the ineffective assistance of post-conviction counsel is not a proper ground for reopening a post-conviction proceeding. See T.C.A. § 40-30-217(a)(1)-(4). Therefore, the dismissal of the third petition for post-conviction relief was proper.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David H. Welles, Judge


_____
Joe G. Riley, Judge