IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2012

**GARY S. MAYES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 98632     Jon Kerry Blackwood, Judge**

**No. E2012-00680-CCA-R3-PC - Filed February 7, 2013**

On December 12, 2011, the petitioner, Gary S. Mayes, filed a pro se petition for a writ of error coram nobis alleging newly discovered evidence related to the Knox County Criminal Court's 2008 denial of his petition for post-conviction relief. The coram nobis court summarily denied relief. We affirm the denial of relief.

**Tenn. R. App. P. 3; Order of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Adam Elrod, Knoxville, Tennessee (on appeal), for the appellant, Gary S. Mayes.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that a Knox County Criminal Court jury convicted the petitioner of especially aggravated sexual exploitation of a minor, and the trial court sentenced him as a repeat, violent offender to life imprisonment without the possibility of parole. This court affirmed the petitioner's conviction and sentence on direct appeal, and the supreme court denied further review. *State v. Gary Stephen Mayes*, No. E2004-02344-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 3, 2005), *perm. app. denied* (Tenn. Feb. 21, 2006). The petitioner then filed an unsuccessful petition for post-conviction relief alleging multiple instances of deficient performance by trial counsel. This court affirmed the denial of post-conviction relief on direct appeal, and the supreme court denied further review. *Gary S. Mayes v. State*, E2008-02777-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Mar. 9, 2010), *perm. app. denied* (Tenn. Sept. 2, 2010).

On December 12, 2011, the petitioner filed the instant petition for writ of error coram nobis alleging that the post-conviction court failed to rule on his motion to reconsider the denial of post-conviction relief and that the post-conviction judge was incompetent to preside over the post-conviction proceedings. In support of his claim concerning the motion to reconsider the dismissal of the coram nobis petition, the petitioner attached the motion to reconsider filed in the post-conviction action which alleged instances of ineffective assistance of post-conviction counsel.

On February 21, 2012, the coram nobis court summarily denied the petition for writ of error coram nobis. In its order denying relief, the coram nobis court held that the motion to reconsider filed in the post-conviction action was, in fact, ruled upon and denied by the post-conviction court. The coram nobis court further held that any attack on the performance of post-conviction counsel was not appropriate in a coram nobis action.

On March 12, 2012, the petitioner filed a motion to reconsider the coram nobis court's denial of relief. In this motion, the petitioner alleged that newly discovered unspecified evidence relating to the performance of both his trial and post-conviction attorneys necessitated coram nobis relief. The petitioner also alleged that newly discovered evidence related to "questions concerning the judgment and morality of the [post-conviction judge]" warranted coram nobis relief. On March 19, 2012, the coram nobis court denied the petitioner's motion to reconsider without further findings.

On March 28, 2012, the petitioner filed a notice of appeal. On appeal, he argues that the coram nobis court should not have denied him relief without an evidentiary hearing because the "newly discovered evidence" of the post-conviction judge's drug addiction affected the outcome of his post-conviction proceedings. The State asks that this court dismiss the appeal based upon the untimeliness of the notice of appeal. Alternatively, the State argues that none of the petitioner's allegations call into question his guilt at trial and that, therefore, the coram nobis court's summary denial should be affirmed.

The State correctly notes that the petitioner's notice of appeal was untimely in this case. The petitioner filed his notice of appeal 35 days after the coram nobis court entered the order denying coram nobis relief in this case, outside the 30-day time limit prescribed by Rule 4 of the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ."). Although the defendant filed a motion to reconsider within 30 days of the entry of the order, such a motion does not toll the time period for filing a notice of appeal in this court. *See* Tenn. R. App. P. 4(c) ("In a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is

filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or (5) under Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition."). In consequence, the time for filing a timely notice of appeal expired 30 days from the entry of the order on February 21, 2012. In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *See* Tenn. R. App. P. 4(a). We will excuse the untimely filing of the notice of appeal in this case.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence *relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.*

T.C.A. § 40-26-105(b) (2006) (emphasis added); *see State v. Vasques,* 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'") (citation omitted). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

We note that a petitioner is not entitled to effective representation in a post-conviction proceeding. *See generally House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987) (holding that "the scope of the right to counsel is limited and applies only through the first appeal as of right. It does not apply to post-conviction relief"). Accordingly, the petitioner's allegations concerning the performance of post-conviction counsel raised in the original motion to reconsider the denial of post-conviction relief and again in the present petition for coram nobis relief would never avail the petitioner relief.

Furthermore, none of the allegations raised in the coram nobis petition attacking the denial of post-conviction relief, including the petitioner's allegation concerning the post-conviction judge's competency to preside over his 2008 post-conviction action, cast doubt on the guilt of the defendant or the factual reliability of his 2004 conviction. *Vasques*, 221 S.W.3d at 526 (holding that "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome"). In consequence, the claims are not justiciable in a coram nobis petition.

Accordingly, we affirm the denial of coram nobis relief.

_____
JAMES CURWOOD WITT, JR., JUDGE