# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

FILED

February 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| EDDIE E. GLENN, | ) | C.C.A. NO. 03C01-9703-CC-00115 |
| Appellant, | ) | |
| | ) | |
| | ) | UNION COUNTY |
| VS. | ) | |
| | ) | HON. LEE ASBURY |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF UNION COUNTY

FOR THE APPELLANT:

EDDIE GLENN, Pro Se
Route 4, Box 600
Pikeville, TN 37367-9243

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

WILLIAM PAUL PHILLIPS
District Attorney General

CLIFTON S. SEXTON
Assistant District Attorney General
P.O. Box 10
Huntsville, TN 37756

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Petitioner, Eddie E. Glenn, appeals the trial court's denial of his petition for post-conviction relief. In this appeal, he argues that the trial court failed to word its order of dismissal adequately and urges this Court to remand to the trial court to evaluate his claim of ineffective assistance of counsel fully.

The Petitioner filed his first petition for post-conviction relief on August 30, 1991, which was denied by the trial court on May 28, 1993, and which was affirmed by this Court on March 8, 1995. State v. Eddie Glenn, C.C.A. No. 03C01-9311-CR-00362, Union County (Tenn. Crim. App., Knoxville, March 8, 1995). The Petitioner's second petition for post-conviction relief was filed on December 1, 1994 and was dismissed by the trial court on October 29, 1996. It is from the order dismissing his second petition for post-conviction relief that the Petitioner appeals.

After reviewing the record in this case, including this Court's opinion on the first post-conviction petition and the allegations raised in the second petition, we must conclude that the general issue of ineffective assistance has been previously determined and that any additional claims regarding that issue have been waived. Tenn. Code Ann. § 40-30-112(a) (repealed). It appears that the Petitioner now raises additional facets of ineffective assistance and new evidence he alleges were not previously presented because trial counsel and post-conviction counsel did not properly investigate. However, our supreme court has determined that a petitioner is bound by the action or inaction of counsel in prior post-conviction proceedings on the application of defenses of waiver and

previous determination.  House v. State, 911 S.W.2d 705, 706 (Tenn. 1995).
Therefore, any failure by the Petitioner or his prior counsel in presenting all
grounds for relief in a prior proceeding results in a waiver of those issues in any
subsequent post-conviction proceeding.  Thus, the Petitioner's claim of improper
jury instructions has been waived.  We also conclude that the waiver issue was
previously determined in this Court's opinion in the Petitioner's first post-
conviction proceeding.  Thus the petition for post-conviction relief was properly
dismissed.

We conclude that the evidence does not preponderate against the findings
of the trial judge and that no error of law requiring a reversal of the judgment is
apparent on the record.  Based upon a thorough reading of the record, the briefs
of the parties, and the law governing the issues presented for review, the
judgment of the trial court is affirmed in accordance with Rule 20 of the Court of
Criminal Appeals of Tennessee.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE


-3-