IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2019

**JAMES EDWARD BOSTIC, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2013-C-2607      Steve R. Dozier, Judge**

_____

**No. M2019-00824-CCA-R3-PC**

_____

The Petitioner, James Edward Bostic, Jr., appeals the post-conviction court's dismissal of his petition for post-conviction relief and denial of related motions. On appeal, he asserts that the Tennessee Department of Correction refuses to comply with an order by the trial court awarding him jail credit and that the matter should be remanded to the trial court for the trial court to resolve. He also asserts for the first time on appeal that his post-conviction counsel was ineffective because she failed to assist him in his fight for jail credit. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

James Edward Bostic, Jr., Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Jennifer Charles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Petitioner was indicted for selling .5 grams or more of cocaine in a drug free school zone, tampering with evidence, simple possession, and resisting arrest. Pursuant to a plea agreement, the Petitioner pled guilty to possession of less than .5 grams of cocaine with intent to manufacture, deliver, or sell, and he was sentenced as a Range III

offender to twelve years in community corrections. The remaining counts of the indictment were dismissed. The judgment of conviction was entered on September 18, 2014. The record indicates that the Petitioner filed a petition for post-conviction relief, which he voluntarily "struck" on February 5, 2016.

In October 2016, a community corrections violation warrant was issued, and on October 26, 2016, the trial court revoked the Petitioner's community corrections sentence and ordered that he serve the remainder of his twelve-year sentence in confinement. James Edward Bostic, Jr. v. State, No. M2017-00087-CCA-R3-PC, 2017 WL 3397732, at *1 (Tenn. Crim. App. Aug. 9, 2017).

The Petitioner filed a petition for post-conviction relief on December 12, 2016. The post-conviction court initially dismissed the petition as untimely, but this court reversed the dismissal on direct appeal noting that our supreme court had "recognized the right of a post-conviction petitioner to raise an ineffective assistance of counsel claim relative to community corrections revocation and resentencing proceedings." Id. at *1.

Upon remand, the post-conviction court appointed counsel, and through counsel the Petitioner filed an amended petition. The Petitioner claimed that the attorney who represented him at the community corrections revocation hearing performed deficiently. On June 25, 2018, the post-conviction court denied the petition following an evidentiary hearing, and the Petitioner appealed the denial of relief. James Bostic, Jr. v. State, No. M2018-01369-CCA-R3-PC, 2019 WL 4052690, at *1 (Tenn. Crim. App. Aug. 28, 2019).

While the post-conviction appeal was still pending, on January 4, 2019, the trial court entered an order awarding the Petitioner jail credit from September 18, 2014, to October 26, 2016. (I: 13) On April 11, 2019, the Petitioner filed a "motion to reduce or modify sentence correct amend or alter judgment," in which he alleged that the October 26, 2016 amended judgment did not accurately reflect his pretrial jail credit.[1] He also alleged that the Department of Correction failed to comply with the trial court's January 4, 2019 order awarding jail credit and failed to award him good time credits. The Petitioner filed the motion relying on Tennessee Rules of Criminal Procedure 35, 36, and 47.

The Petitioner also apparently filed another post-conviction petition, but it is not in the record. However, the Petitioner states in his notice of appeal in this case that he filed a petition for post-conviction relief on March 12, 2019.

---

[1] Although the trial court's order for jail credit is in the record, the amended judgment is not.

- 2 -

On April 18, 2019, the trial court entered an order addressing the recently filed post-conviction petition and "several related motions." The trial court found as follows:

First, as to the Petitioner's motion to enforce the [c]ourt's award of jail credits, the [c]ourt entered the order awarding the Petitioner jail credit on January 4, 2019. Though the [c]ourt cannot speak as to whether the credits have been entered into TDOC's system yet, the order has been transmitted to TDOC. Thus, the Petitioner is not entitled to relief on this motion.

Next, as a preliminary matter, the [c]ourt notes that both the instant post-conviction petition and the Petitioner's motion for a status hearing appear to be related to the Petitioner's concern that [counsel] has abandoned her representation of him at the appellate level. The [c]ourt has verified that this is not the case, as [counsel] continues to represent the Petitioner, and as of March 29, 2019, she had received an extension to file a brief in the case by April 25, 2019. Accordingly, there is no need for a status hearing on the matter.

The [c]ourt also finds that the instant post-conviction petition must be dismissed as a matter of law because the Petitioner has previously filed a post-conviction petition that is currently pending on appeal.[2] Only one post-conviction petition is contemplated under Tennessee Code Annotated § 40-30-102(c). Thus, the instant post-conviction petition must be denied.

The Petitioner filed a timely notice of appeal on May 10, 2019.

## ANALYSIS

The Petitioner argues that the Department of Correction refuses to comply with the trial court's January 4, 2019 order awarding him jail credit. He details how he has exhausted his remedies within the correctional system without success and asks this court to remand the case to the trial court to resolve. He also alleges for the first time that his post-conviction counsel was ineffective because she failed to assist him in his fight for jail credit.

We initially observe that the Petitioner has arguably waived review due to his failure to submit a brief that complied with the rules of this court and the rules of

---

[2] This court affirmed the denial of post-conviction relief as to that petition on August 28, 2019, after the Petitioner appealed in this case.

appellate procedure, and his failure to provide a complete record.[3]  However, even if not deemed waived, the Petitioner is not entitled to relief.  As the lower court correctly held, the Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief.  In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment."  Tenn. Code Ann. § 40-30-102(c).  Moreover, "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Id.  The Petitioner does not deny that he filed a second post-conviction petition, and it was filed after he appealed the denial of relief on the original post-conviction petition. Additionally, the Petitioner's claim against post-conviction counsel must fail because there is no entitlement to effective assistance at post-conviction.  House v. State, 911 S.W.2d 705, 712 (Tenn. 1995) ("There being no constitutional right to counsel in post-conviction proceedings, it follows that there is no constitutional right to effective assistance of counsel in post-conviction proceedings.").

Lastly, the Petitioner's combined motion for reduction or modification of a sentence under Tennessee Rule of Criminal Procedure 35 and motion for correction of a clerical error under Tennessee Rule of Criminal Procedure 36 were properly dismissed. The Petitioner's complaint is not directed at the trial court but instead at the correctional facility for allegedly refusing to apply the trial court's order awarding him jail credit. The remedy the Petitioner is seeking does not fall within the parameters of Rules 35 and 36.  Although the grant of additional jail credits may shorten the time a defendant spends in confinement, it does not serve to reduce the length of a defendant's sentence.  See State v. Anthony S. Caldwell, No. E2008-01031-CCA-R3-CD, 2009 WL 2264096, at *1 (Tenn. Crim. App. July 29, 2009).  Furthermore, assuming arguendo that the judgment contained a clerical error regarding the Petitioner's jail credits, the available records show that the trial court corrected any error by awarding the Petitioner credit for time served in community corrections from September 18, 2014, to October 26, 2016.  The judgment of the lower court is affirmed.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of post-conviction court.

---

[3] As noted above, the subsequent post-conviction petition and amended judgment were not included in the record.  The Petitioner attached the amended judgment to his brief, but such is not certified into the record and cannot be considered part of the record on appeal.  Jamie Lee Pittman v. State, No. E2001-00546-CCA-R3-PC, 2002 WL 407226, at *1 (Tenn. Crim. App. Mar. 15, 2002).

ALAN E. GLENN, JUDGE