IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 4, 2024 Session

**AARON MALONE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 08-02332      Jennifer Johnson Mitchell, Judge**

_____

**No. W2023-01730-CCA-R3-PC**
_____

Aaron Malone, Petitioner, was convicted of first degree felony murder for his role in a murder that took place during an attempted robbery and sentenced to life in prison. *State v. Malone*, No. W2009-02047-CCA-R3-CD, 2011 WL 1005487, at *1 (Tenn. Crim. App. Mar. 22, 2011), *perm. app. denied* (Tenn. July 13, 2011). His conviction and sentence were affirmed on direct appeal. Petitioner unsuccessfully sought post-conviction relief. *Malone v. State*, No. W2016-00666-CCA-R3-PC, 2017 WL 1404374, at *15 (Tenn. Crim. App. Apr. 18, 2017), *perm. app. denied* (Tenn. Aug. 21, 2017). Petitioner then filed a "Petition to Reopen for Requesting DNA Post-conviction." The post-conviction court summarily dismissed the petition, and Petitioner timely appealed, arguing that: (1) the post-conviction court erred by failing to address and make findings of fact regarding all four requirements of Tennessee Code Annotated section 40-30-304 in its order denying the petition; (2) the post-conviction court erred in finding the evidence was previously subjected to DNA analysis; (3) the post-conviction court erred in finding there was not a reasonable probability that Petitioner would not have been prosecuted or convicted if exculpatory results were obtained from DNA analysis; (4) the post-conviction court erred in dismissing the petition without a hearing; and (5) the post-conviction court erred by failing to appoint new counsel after counsel informed the court he was leaving the jurisdiction. After a review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which J. ROSS DYER and KYLE A. HIXSON, JJ., joined.

Katherine Oberembt (on appeal), and Shae Atkinson (at post-conviction court), Memphis, Tennessee, for the appellant, Aaron Malone.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Steve Mulroy, District Attorney General; and Vicki Carriker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At trial, the evidence showed that the victim worked for a trucking company and was found dead inside his truck parked by a warehouse. *Malone*, 2011 WL 1005487, at *3. When police responded to the scene, they found the victim's body on the floorboard inside the truck and what appeared to be blood between the front seats, under the driver's seat, and on the outside of the driver's door and steps of the truck. *Id.* Several of the victim's teeth were located inside the cab of the truck near the victim's body. A CB radio was missing from the truck. No "usable prints" were found. *Id.*

Petitioner and a co-defendant were identified as suspects after a turquoise car with a broken rear window was seen near the warehouse around the time of the victim's death. *Id.* at *4. After the victim's death, Petitioner told Sheila Dixon he shot a truck driver. He offered her the victim's credit cards. *Id.* Ms. Dixon also saw a CB radio and a "sawed-off shotgun" in Petitioner's possession. *Id.*

Petitioner eventually confessed that he was the shooter, but claimed it was accidental. *Id.* at *6. The Petitioner admitted that he took the victim's phone and wallet and returned to the truck later for the CB radio. *Id.* No blood was found on Petitioner's clothing. *Id.* at *7. Police testimony indicated that a person could enter the victim's truck twice without getting blood on their clothing. *Id.*

Petitioner was found guilty by a jury and sentenced to life imprisonment. On appeal, Petitioner challenged the denial of the motions to suppress his statement, the admission of the victim's teeth at trial, and the State's use of an expert witness during rebuttal. *Id.* at *1. This Court affirmed the convictions, and the Tennessee Supreme Court denied permission to appeal. *Id.*

Petitioner sought post-conviction relief based on the ineffective assistance of counsel and a violation of his due process rights by the State's failure to preserve unedited footage from "The First 48" television show. *Malone*, 2017 WL 1404374, at *1. The post-conviction court held an evidentiary hearing at which Petitioner, trial counsel, a police sergeant, and a police detective testified. *Id.* at *7-11. The post-conviction court denied relief, finding that Petitioner did not establish ineffective assistance of counsel and that the destroyed footage from the television show did not violate his due process rights. This

court affirmed the denial of post-conviction relief. *Id.* at *15. The Tennessee Supreme Court denied permission to appeal. *Id.* at *1.

Petitioner filed a "Petition to Reopen for Requesting DNA Post-conviction" in December of 2022 in which he alleged that "DNA has been done in [his] case and there's nothing that puts Petitioner [] on the scene of crime." The post-conviction court appointed private counsel to represent Petitioner. The State responded to the petition, arguing that Petitioner failed to meet requirements (1) and (3) of Tennessee Code Annotated section 40-30-304 and was, therefore, not entitled to DNA testing. The State noted that DNA was collected and tested prior to trial and that the results showed no blood on Petitioner's clothing. These results were presented to the jury at trial. The State also noted that Petitioner confessed to the felony murder, making his request for DNA analysis "moot." The State insisted Petitioner was merely attempting to relitigate the sufficiency of the evidence.

Counsel for Petitioner notified the post-conviction court that he was leaving the jurisdiction for another position. The post-conviction court asked for an opportunity to "review the pleadings" to determine if a hearing was necessary. The post-conviction court noted that if a hearing were necessary, it would appoint new counsel.

On November 23, 2023, the post-conviction court entered an order summarily dismissing the petition. The post-conviction court found that DNA analysis, if performed, "would not have changed the outcome of this case" because it was not new scientific evidence establishing innocence as required under Tennessee Code Annotated section 40-30-117(a)(2). Moreover, the post-conviction court noted that even though Petitioner produced a report showing that no blood was found on Petitioner's clothing, a witness for the State testified that a person could have entered the victim's truck twice without getting blood on their clothing. The post-conviction court concluded that Petitioner did not establish clear and convincing evidence that he was actually innocent of the offense and, therefore, was not entitled to have the conviction set aside. The post-conviction court noted that Petitioner was required to satisfy all four requirements of Tennessee Code Annotated section 40-30-304 before the court ordered a DNA analysis. The post-conviction court specifically found Petitioner failed to satisfy 40-30-304(1), "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis" because "the police had information from the co-defendant and other witnesses regarding Petitioner's involvement." The post-conviction court also relied on Petitioner's confession to conclude that there was not a reasonable probability that Petitioner would not have been prosecuted or convicted. The post-conviction court also found Petitioner failed to satisfy Tennessee Code Annotated section 40-30-304(3) because there was testimony that there was no blood found on Petitioner's clothing. The post-conviction court summarily dismissed the petition.

Petitioner filed a timely notice of appeal. Counsel was permitted to withdraw, and the post-conviction court appointed new counsel to represent Petitioner on appeal.

*Analysis*

Petitioner argues on appeal that the post-conviction court erred by: (1) failing to address and make findings with regard to all four requirements of Tennessee Code Annotated section 40-30-304; (2) finding that the DNA evidence had already been analyzed; (3) finding that there was not a reasonable probability that Petitioner would not have been prosecuted or convicted if the results of the DNA analysis were exculpatory; and (4) summarily dismissing the petition with no hearing. The State, on the other hand, insists that the post-conviction court properly dismissed the petition without a hearing because Petitioner failed to establish all four requirements of Tennessee Code Annotated section 40-30-304.

The Post-Conviction DNA Analysis Act allows for defendants convicted of certain homicide and sexual offenses to request post-conviction DNA testing at any time. T.C.A. § 40-30-303. The post-conviction court, after allowing the prosecution to respond, must order a DNA analysis if it finds each of the following:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304.

In addition, the court may order DNA analysis if it finds "[a] reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction," and the petitioner has satisfied requirements (2), (3), and (4) listed above. Under both the mandatory and discretionary provisions, the petitioner must satisfy all four requirements before the court will order DNA analysis. *See Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011).

Failure to meet any of the four criteria is fatal to the action. *See Buford v. State*, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at \*6 (Tenn. Crim. App. Apr. 24, 2003), *no perm. app. filed*. Moreover, a petitioner is not entitled to a hearing; the Act authorizes a hearing only after DNA evidence produces a result favorable to the petitioner. *See* T.C.A. § 40-30-312. Finally, we note that the constitutional right to counsel does not extend to post-conviction proceedings. *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995). Indeed, the decision whether to appoint counsel for proceedings under the Act is in the discretion of the post-conviction court. T.C.A. § 40-30-307 ("The court *may*, at any time during proceedings instituted under this part, appoint counsel for an indigent petitioner.") (emphasis added).

On review of the denial of a petition, we afford "considerable discretion" to the post-conviction court's decision. *Rucker v. State*, No. M2018-00987-CCA-R3-PC, 2019 WL 325046, at \*4 (Tenn. Crim. App. Jan. 23, 2019), *no perm. app. filed*. We will only reverse the post-conviction court where its judgment is "not supported by substantial evidence." *Id.*

Here, Petitioner's clothing was subjected to DNA analysis before trial. Petitioner does not complain about how his clothing was tested. In fact, the DNA results introduced at trial were actually favorable to Petitioner because they established that none of the victim's DNA was present on Petitioner's clothing. Petitioner has failed to show that the evidence was not subjected to analysis. The failure to establish this requirement alone justified dismissal of the petition. However, Petitioner has also failed to establish that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results were obtained through DNA analysis. Petitioner confessed to a witness and to law enforcement that he planned the robbery, participated in the robbery, and shot the victim. *Malone*, 2011 WL 1005487, at \*4-6. Given the overwhelming evidence of Petitioner's guilt, we cannot conclude that Petitioner would not have been prosecuted even if exculpatory DNA evidence was available. Petitioner failed to establish all four criteria, and the post-conviction court properly dismissed the petition. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 5 -